# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES COPLEY, JASON EVANS, HUMBERTO GARCIA, LUZ ANGELINA GARCIA, JOAN MCDONALD, JOHN PETERSON, BETTY PRESSLEY, NATALIE ROBERTS, NORMAN SKARE, individually and as personal representative for BETTY SKARE, DAVID STONE, and KAYE WINK, individually and as next of kin of DONALD WINK, individually and on behalf of all others similarly situated, | No.: 2:18-cv-00575-FB-PK<br><br>*Consolidated with*<br><br>No. 2:20-cv-01338-FB-PK |
|      Plaintiffs,<br>v.<br><br>BACTOLAC PHARMACEUTICAL, INC.; NATURMED, INC. d/b/a INSTITUTE FOR VIBRANT LIVING; and INDEPENDENT VITAL LIFE, LLC,<br><br>     Defendants. | |
| JEFFREY FARIS, ANTONIA HAMPTON, RAUL ROBLES, and KATHLEEN CANNON, Individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>BACTOLAC PHARMACEUTICAL, INC.; NATURMED, INC. d/b/a INSTITUTE FOR VIBRANT LIVING; and INDEPENDENT VITAL LIFE, LLC,<br><br>     Defendants. | |

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release (the "Agreement") is made and entered into as of the 22nd day of November, 2021, by, between and among Plaintiffs, on behalf of themselves and the Settlement Class Members, by and through Class Counsel, and the Settling Defendants, by and through their counsel of record in this Action. This Agreement is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein) as against

Defendants, subject to the approval of the Court and the terms and conditions set forth in this Agreement.

## RECITALS

WHEREAS, Plaintiffs have asserted claims against the Defendants in this Action on behalf of several putative nationwide and statewide classes consisting of purchasers of one or more canisters of the dietary supplement product ADEG, which was manufactured by Bactolac and sold to consumers by NaturMed;

WHEREAS, Plaintiffs allege that 99 lots of ADEG manufactured in 2014 and 2015 contain ingredients not identified on the product label and omit certain ingredients required by the product formula, which caused the supplement product to be adulterated;

WHEREAS, Plaintiffs allege that the manufacture and sale of adulterated ADEG renders Bactolac and NaturMed liable under theories of breach of warranty, state consumer protection statutes, and under common law tort theories for monetary damages;

WHEREAS, Plaintiffs allege that IVL2 is a mere continuation of NaturMed and is liable for the wrongful acts committed by its predecessor;

WHEREAS, the Settling Defendants have denied and continue to deny Plaintiffs' allegations, and any alleged wrongdoing in connection with the manufacture and sale of ADEG; dispute the factual, legal, scientific, and other bases for Plaintiffs' claims and the appropriateness of certifying any putative class for litigation; and maintain that they have meritorious defenses to class certification and to the claims of liability and damages asserted by Plaintiffs; and

WHEREAS, after carefully considering the facts and applicable law and the risks, costs, delay, inconvenience, and uncertainty of continued and protracted litigation, and after engaging in extensive, arm's-length negotiations, with the assistance of a mediator, the Parties desire to settle the Action as to the Settling Defendants and the related claims of Plaintiffs and the Settlement Class on the terms and conditions stated herein, which Plaintiffs and Class Counsel believe are fair, reasonable, adequate, and beneficial to and in the best interests of the Settlement Class Members;

NOW THEREFORE, subject to approval by the Court pursuant to Federal Rule of Civil Procedure 23, the Parties hereby agree that, in consideration of the promises and mutual covenants set forth in this Agreement and upon occurrence of the Effective Date, the Action and the related claims of Plaintiffs and the Settlement Class shall be settled, compromised, dismissed on the merits and with prejudice, and released as to the Settling Defendants, and that NaturMed's Crossclaims shall be settled, compromised, dismissed on the merits and with prejudice, and released as to Bactolac, on the following terms and conditions:

1.   **Definitions**

In addition to the terms defined at various points within this Agreement, the following defined terms shall apply throughout this Agreement:

a.  "**Action**" means the putative consolidated class action lawsuit captioned *Copley v. Bactolac Pharmaceutical, Inc. et al.*, No. 2:18-cv-575, currently pending in the Court, including the related lawsuit captioned *Faris v. Bactolac Pharmaceutical, Inc. et al.*, No. 1:20-cv-1338, also currently pending in the Court.

b.  "**ADEG**" means, for purposes of this Agreement only, the dietary supplement All Day Energy Greens and All Day Energy Greens Fruity, which was manufactured by Bactolac and sold to consumers by NaturMed.

c.  "**Agreement**" means the Class Settlement Agreement and Release between and among Plaintiffs, on behalf of themselves and the Settlement Class Members, and the Settling Defendants, and between NaturMed and Bactolac, including all exhibits and addenda thereto.

d.  "**Alternative Payment**" means the cash payment of $5.00 that a Settlement Class Member may elect to receive in lieu of a Settlement Credit under the Agreement.

e.  "**Alternative Payment Fund**" means the total amount of monies available to pay Alternative Payments to eligible Settlement Class Members. The Alternative Payment Fund shall equal $100,000.

f.  "**Bactolac**" means Bactolac Pharmaceutical, Inc.

g.  "**CAFA Notice**" means the notice to be disseminated to appropriate federal and state officials pursuant to the requirements of 28 U.S.C. § 1715(b) and in accordance with Section 9 of this Agreement.

h.  "**Claims Administrator**" means Postlethwaite & Netterville ("P&N"), the claims administrator for the Settlement Class. The Claims Administrator will be responsible for performing duties related to dissemination of Class Notice, administration of the Escrow Account, and administration of the Settlement Fund in accordance with this Agreement, as well as determining the eligibility of Settlement Class Members and providing Settlement Class Members with benefits under the Agreement. Class Counsel and Settling Defendants may, by agreement, substitute a different organization as Claims Administrator, subject to approval by the Court if the Court has previously entered the Preliminary Approval Order or Final Approval Order. In the absence of agreement, either Class Counsel or any Settling Defendant may move the Court to substitute a different organization as Claims Administrator, upon a showing that the responsibilities of the Claims Administrator have not been adequately executed by the incumbent.

i.  "**Claim Form**" means the form in substantially the same form as Exhibit B to this Agreement that must be completed by any Person seeking to receive benefits under the Agreement as a Settlement Class Member.

j.  "**Claimant**" means any Person who timely submits a Claim Form to the Claims Administrator.

k.  "**Class Counsel**" means:

James J. Bilsborrow
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, New York 10003

as counsel for Plaintiffs, and any other attorney or law firm that represents any of the Plaintiffs and seeks to receive any portion of the attorneys' fees that may be awarded by the Court in connection with this Settlement.

l.  "**Class Notice**" means the notice of the Settlement that will be provided to prospective Settlement Class Members in accordance with Section 10 of this Agreement.

m.  "**Complaint**" collectively refers to the Amended Class Action Complaint filed at Docket No. 57 in Case No. 2:18-cv-00575-FB-PK and the Amended Class Action Complaint filed at Docket No. 27 in Case 2:20-cv-01338-JMA-ARL in United States District Court for the Eastern District of New York.

n.  "**Confidential Opt-Out Agreement**" means the agreement that must be executed by Plaintiffs and the Settling Defendants contemporaneously with the execution of this Agreement, which permits any Settling Defendant to withdraw from and terminate this Agreement if the number of Persons in the Settlement Class that validly exclude themselves pursuant to Section 11 exceeds the number agreed to by the Parties in the Confidential Opt-Out Agreement.

o.  "**Court**" means the United States District Court for the Eastern District of New York, the Honorable Frederic Block presiding.

p.  "**Crossclaims**" means all of the crossclaims that NaturMed alleges against Bactolac in the Action.

q.  "**Defendants**" means Bactolac, NaturMed, and IVL2.

r.  "**Effective Date**" means the date on which the last of the following has occurred: (1) twenty-one (21) days following the expiration of the deadline for appealing the Final Approval Order, if no timely appeal is filed; (2) if an appeal of the Final Approval Order is taken, the date upon which all appeals (including any requests for rehearing or other appellate review), as well as all further appeals therefrom (including all petitions for certiorari), have been finally resolved without the Final Approval Order having been materially changed, reversed, vacated, or otherwise overturned in whole or in part, such that no future appeal is possible, except that the Effective Date shall not be delayed by a modification of or appeal from those parts of the Final Order and Judgment that pertains to the Fee and Expense Award; or (3) such date as the Parties otherwise agree in writing.

4

s.  "**Enrollment Period**" means the period within which potential Settlement Class Members must submit a Claim Form so that the Claims Administrator may determine whether they are eligible to receive benefits under the Agreement. The Enrollment Period shall commence thirty (30) calendar days after Preliminary Approval and shall conclude one hundred (100) days from the Notice Date. Claim Forms postmarked on the date the Enrollment Period closes shall be deemed timely submitted so long as received by the Claims Administrator within ten (10) days thereof.

t.  "**Escrow Account**" means the account established and administered by the Claims Administrator, into which the Settlement Payment, will be deposited as set forth in Section 2(c).

u.  "**Excluded Persons**" means (i) any such Person who has timely and validly excluded himself, herself or themself from the Settlement Class, in accordance with Section 11 of this Agreement, (ii) the Settling Defendants, any entity or division in which the Settling Defendants have a controlling interest, their legal representatives in this Action, and their officers, directors, assigns and successors, (iii) the judge to whom this Action is assigned, any member of the judge's immediate family and the judge's staff, or any other judicial officer or judicial staff member assigned to this case, (iv) any Class Counsel, including their partners, members, and shareholders, and any immediate family members of Class Counsel, (v) any State, including without limitation the United States, or any of its agencies, and (vi) any Person who purchased one or more canisters of ADEG manufactured from a Recalled Lot and who previously received either (a) a full refund for his or her purchase, or (b) Replacement Product.

v.  "**Execution Date**" means the date on which Class Counsel and the Settling Defendants execute this Agreement.

w.  "**Final Approval**" means the date that the Court enters the Final Approval Order.

x.  "**Final Approval Hearing**" means the hearing at which the Court will consider whether to give final approval to the Settlement and make such other rulings as are contemplated in the Final Approval Order, including determining the amount of attorneys' fees and costs awarded to Class Counsel, any Settlement Administration Costs, and the amount of any Service Awards to the Plaintiffs.

y.  "**Final Approval Order**" means the Court's order (a) granting final approval to the Settlement; (b) directing that the Agreement be implemented in accordance with its terms; (c) dismissing the Action as against each of the Settling Defendants with prejudice, and without costs; (d) determining pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay and directing entry of a final judgment as to the Settling Defendants; (e) ruling that each of the Releasing Parties has expressly, intentionally, fully, finally, and forever released, waived, compromised, settled, and discharged all Released Claims; (f) barring each of the Releasing Parties from asserting any of the Released Claims against any of the Released Parties; (g) finding that each of the Settling Defendants has complied with

and otherwise discharged its obligations under the Class Action Fairness Act, 28 U.S.C. § 1715(a); (h) awarding any attorneys' fees, costs, and expenses payable in connection with the Settlement or the Action; (i) finding that the Class Notice complied with Federal Rule of Civil Procedure 23 and the U.S. Constitution; and (j) reserving exclusive and continuing jurisdiction over the Settlement Fund and the interpretation, performance, implementation, administration, and enforcement of this Agreement and the Court's orders in the Action.

z.    "**IVL2**" means Independent Vital Life, LLC.

aa.   **"Long Form Notice"** means the long-form notice that shall be posted on the Settlement Website created by the Claims Administrator, as set forth in Section 10 of this Agreement. The Long Form Notice is attached hereto as Exhibit A to this Agreement.

bb.   "**NaturMed**" means NaturMed, Inc. d/b/a Institute for Vibrant Living.

cc.   "**NaturMed Recall**" means the March 2016 voluntary product recall of ADEG conducted by NaturMed with the knowledge of the Food and Drug Administration, in which customers were offered cash refunds or Replacement Product.

dd.   "**Net Settlement Fund**" means the portion of the Settlement Fund available for payment to the Settlement Class Members (in accordance with this Agreement) after the payment of any Settlement Administration Costs, attorneys' fees, any tax-related expenses, any Court-approved Service Award to the Plaintiffs, and other costs and expenses payable from the Settlement Fund.

ee.   "**Notice Date**" means the deadline set by the Court by which the Claims Administrator must send the Class Notice or, if the Court sets no such deadline, thirty (30) calendar days after Preliminary Approval.

ff.   "**Notice Program**" means the methods provided for in Section 10 of this Agreement for giving notice to potential Settlement Class Members.

gg.   "**Objection**" means a challenge to the Settlement asserted by a Settlement Class Member pursuant to Section 12 of this Agreement.

hh.   "**Objection Deadline**" means the deadline to submit an Objection set by the Court or, if the Court sets no such deadline, sixty (60) days after the Notice Date.

ii.   "**Opt Out**" means the choice of a Settlement Class Member to exclude himself, herself, or itself (in an individual or representative capacity, as appropriate) from the Settlement in accordance with Section 11 of this Agreement.

jj.   "**Opt Out Deadline**" means the deadline to Opt Out set by the Court or, if the Court sets no such deadline, sixty (60) days after the Notice Date.

kk.   "**Party**" means any one of the Plaintiffs or any one of Bactolac, NaturMed, and IVL2.

ll.   "**Parties**" means all of the Plaintiffs, on behalf of themselves and the Settlement Class Members, and all of Bactolac, NaturMed, and IVL2.

mm.   "**Person**" means a natural person, guardian, estate, legal representative, or their respective spouses, heirs, predecessors, successors, executors, administrators, representatives, or assigns.

nn.   "**Plaintiffs**" means any of Charles Copley, Jason Evans, Humberto Garcia, Luz Angelina Garcia, Joan McDonald, John Peterson, Natalie Roberts, Donald Skare, individually and as personal representative for Betty Skare, David Stone, Kaye Wink, individually and as next of kin of Donald Wink, Jeffrey Faris, Antonia Hampton, Raul Robles, and Kathleen Cannon.

oo.   "**Preliminary Approval**" means the date that the Court enters the Preliminary Approval Order.

pp.   "**Preliminary Approval Order**" means the Court's order (i) granting preliminary approval to the Settlement; (ii) approving the Class Notice; (iii) finding that it will be likely to certify the Settlement Class under Federal Rule of Civil Procedure 23; (iv) appointing Plaintiffs as class representatives; (v) appointing Class Counsel to represent the Settlement Class; and (vi) setting the Opt Out Deadline, the Objection Deadline, the date and time for the Final Approval Hearing, and other appropriate deadlines; which order will be proposed in substantially the same form as Exhibit E and as agreed upon by the Parties.

qq.   "**Recalled Lots**" means the 99 lots included in the NaturMed Recall that are the subject of this Action. The lot numbers for the 99 Recalled Lots are set forth in Exhibit C.

rr.   "**Recalled Lots Customer List**" means the list of customers who, according to IVL2's records, purchased one or more canisters of ADEG from the Recalled Lots, were mailed a recall letter by NaturMed in March 2016, and did not receive either a cash refund or Replacement Product in the NaturMed Recall.

ss.   "**Recalled Lots Refund List**" means the list of customers who, according to IVL2's records, received cash refunds for a canister of ADEG purchased from the Recalled Lots.

tt.   "**Released Claims**" means any and all claims and damages (statutory, contract, tort, equitable, punitive, interest, or any other relief) that the Releasing Parties may have against the Released Parties, or that NaturMed may have against Bactolac, arising out of or related to the allegations in the Complaint or NaturMed's Crossclaims. Without limiting the foregoing, the Released Claims include any and all claims that were, or that could have been, asserted in the Action or Crossclaims. The release shall extend to and include Defendants and their affiliates, subsidiaries, predecessors, successors, officers, directors, employees, insurers, and attorneys. The release also shall extend to and include all claims, demands, actions, causes of action, allegations, rights, obligations, costs, losses, and damages arising in whole or in part at any time from

January 1, 2014 through the Effective Date from or in connection with the acts or omissions of Defendants or any of the other Released Parties of any and every kind or nature, whether in law or in equity, whether in tort or contract, whether arising under common law, statute, or regulation, whether known or Unknown Claims, based upon the claims that were, or could have been, asserted in the Action or Crossclaims. "Released Claims" does not include claims relating to the enforcement of this Agreement.

uu. "**Released Parties**" means Defendants and their insurers; their respective predecessors, successors, heirs, assignors, and assignees; and any past and present affiliates, directors, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of the foregoing persons or entities.

vv. "**Releasing Parties**" means Plaintiffs and the Settlement Class Members; their predecessors, successors, heirs, assignors, and assignees; and any past and present affiliates, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of such persons or entities.

ww. "**Replacement Product**" means any NaturMed product received in exchange for recalled ADEG during the NaturMed Recall.

xx. "**Service Award**" means any Court-approved payment to Plaintiffs for serving as class representatives, which is in addition to any benefits due to Plaintiffs under this Agreement as members of the Settlement Class.

yy. "**Settlement**" means the settlement and compromise reflected in this Agreement.

zz. "**Settlement Administration Costs**" means the costs and fees of the Claims Administrator to effectuate the Notice Program and to determine the eligibility of potential Settlement Class Members and to administer the Settlement Class, as well as any cost associated with Opt Outs or Objectors.

aaa. "**Settlement Class**" means all Persons in the United States who purchased one or more canisters of ADEG that were manufactured as part of the Recalled Lots, except for Excluded Persons.

bbb. "**Settlement Class Member**" means a member of the Settlement Class who has not timely and validly excluded himself, herself, or itself (in an individual or representative capacity, as appropriate) from the Settlement Class, in accordance with Section 11 of this Agreement.

ccc. "**Settlement Credit(s)**" means the $10 credit that IVL2 will make available to each Settlement Class Member who timely submits a Claim Form and elects to receive this benefit.

ddd. "**Settlement Fund**" means the common fund or account established pursuant to and approved by an order of the Court to resolve and satisfy the Released Claims as a

qualified settlement fund within the meaning of 26 C.F.R. § 1.468B-1(a) and (c), to receive the Total Settlement Payment, and to make payments authorized by this Agreement.

eee. "**Settlement Website**" means the website that the Claims Administrator will establish as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, the operative Complaint, Plaintiffs' motion seeking Preliminary Approval, Preliminary Approval Order, Plaintiffs' motion seeking Final Approval, the Final Approval Order, and the Claim Form and such other documents as the Parties agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website for at least six months after Final Approval. The Settlement Website shall also include the capability for Settlement Class Members to file a Claim Form via online portal. The Settlement Website's URL will be www.NaturMedIVLSettlement.com.

fff. "**Settling Defendant**" means any one of Bactolac, NaturMed, and IVL2.

ggg. "**Settling Defendants**" means Bactolac, NaturMed, and IVL2.

hhh. "**Short Form Notice**" means the form of notice that shall be provided by mail to Settlement Class Members, as set forth in Section 10 of this Agreement. The Short Form Notice is attached hereto as Exhibit B.

iii. "**Total Settlement Payment**" means the $1,725,000 total cash payment that the Settling Defendants collectively are obligated to make under the terms of this Settlement in accordance with Section 2 of this Agreement.

jjj. "**Total Settlement Value**" means the value of the Total Settlement Payment plus the value of the Settlement Credits made available to eligible Settlement Class Members.

kkk. "**Unknown Claims**" means any Released Claims that any Plaintiff or any member of the Settlement Class does not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this settlement or seek exclusion from this settlement.

2.    **Settlement Payment and Settlement Funds**

a.    Settlement Administration.

i.    In connection with the motion for Preliminary Approval of the Settlement, Class Counsel has selected and shall propose P&N (whose qualifications are set forth in Exhibit A to the Declaration of Bradley Madden Regarding Administration, to be filed herewith) to serve as an independent, third-party Claims Administrator, to administer the Settlement Fund and the Notice Program. Settling Defendants do not object to Class Counsel's proposal for the Claims Administrator.

b. <u>Settlement Consideration</u>.

    i.    Within twenty (20) days of Preliminary Approval, Settling Defendants shall pay $1,725,000 (one million seven hundred and twenty-five thousand dollars) in cash into the Escrow Account to create the Settlement Fund for the benefit of the Settlement Class Members and to pay Settlement Administration Costs prior to the Effective Date. Following the Effective Date, the Settlement Fund shall be used to fund Alternative Payments, as provided in Section 4; to pay any and all attorneys' fees and costs awarded to Class Counsel; to pay any Service Award to Plaintiffs; and to pay all remaining Settlement Administration Costs. All funds held by the Claims Administrator shall remain subject to the jurisdiction of the Court until distributed pursuant to this Agreement.

    ii.    All costs of the Notice Program and of other Settlement Administration Costs shall be paid from the Settlement Fund. Prior to the Effective Date, any Settlement Administration Costs must be approved by Class Counsel before incurred.

c. <u>Nature of the Settlement Payment and Settlement Funds</u>.

    i.    The Settlement Fund at all times is intended to be a "qualified settlement fund" within the meaning of United States Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1 and shall be established pursuant to an order of the Court and will be subject to the continuing jurisdiction of the Court for the life of the Settlement Fund. Neither the Parties nor the General Administrator shall take a position in any filing or before any tax authority that is inconsistent with such treatment. Each Settling Defendant is a "transferor" within the meaning of United States Treasury Regulation § 1.468B-1(d)(1) to the Settlement Fund. The Claims Administrator shall be the "administrator" of the Settlement Fund within the meaning of United States Treasury Regulation § 1.468B-2(k)(3) and, as the administrator, the Claims Administrator shall: (a) timely make or join in any and all filings or elections necessary to make the Settlement Fund a qualified settlement fund at the earliest possible date (including, if requested by any Settling Defendant, a relation-back election within the meaning of United States Treasury Regulation § 1.468B-1(j)); (b) timely file all necessary or advisable tax returns, reports, or other documentation required to be filed by or with respect to the Settlement Fund; (c) timely pay any taxes (including any estimated taxes, and any interest or penalties) required to be paid by or with respect to the Settlement Fund; and (d) comply with any applicable information reporting or tax withholding requirements imposed by applicable law, in accordance with United States Treasury Regulation § 1.468B-2(l). Any such taxes, as well as all other costs incurred by the General Administrator in performing the obligations created by this subsection, shall be paid out of the Settlement Fund. Settling Defendants shall provide the Claims Administrator with the combined statement described in United States Treasury Regulation § 1.468B-3(e)(2)(ii).

3.    **Class Enrollment and Eligibility**

    a.    <u>Submission of Claims Form and Review</u>.

        i.    To become eligible to receive benefits pursuant to this Agreement, Claimants must submit a Claim Form to the Claims Administrator during the Enrollment Period. The Claims Administrator shall review the Claim Form and any supporting documentation and determine whether the Claimant is an eligible Settlement Class Member. A Claim Form postmarked after the Enrollment Period concludes will be rejected by the Claims Administrator as untimely, and the Claimant submitting such Claim Form cannot qualify to receive benefits pursuant to this Agreement.

        ii.    The Claim Form shall be in substantially the same form as Exhibit B attached hereto. The Claim Form shall be available on the Settlement Website, which will also feature a portal to allow a Claim Form to be filed online. To become eligible to receive benefits pursuant to this Agreement, Claimants may be required to submit certain qualifying documentary support, as set forth below. The Claims Administrator shall be entitled to verify the identity of any Claimant and any information required by the Claim Form.

        iii.    If the Claims Administrator determines that a Claimant has submitted insufficient proof of eligibility, the Claims Administrator will provide an opportunity for the Claimant to cure the submission to the extent practicable.

        iv.    Settlement Credits provided to Settlement Class Members who demonstrate eligibility as determined by the Claims Administrator shall be transferred as set forth in Section 4. Alternative Payments to Settlement Class Members who demonstrate eligibility as determined by the Claims Administrator and this Agreement shall be paid from the Settlement Fund as set forth in Section 4. The Claims Administrator shall use reasonable efforts to complete transfer of all Settlement benefits due in accordance with this Agreement within 90 days of the Effective Date.

    b.    <u>Eligibility Determination</u>.

        i.    On or before the filing of a motion for preliminary settlement approval, IVL2 will provide the Claims Administrator with the Recalled Lots Customer List, Recalled Lots Refund List, and a list of customers who received Replacement Product. The Claims Administrator shall determine Claimant eligibility exclusively by referencing these three lists except as set forth below.

        ii.    During the Enrollment Period, Claimants shall complete a Claim Form, electing whether they choose to receive Settlement Credit or Alternative Payments. If a Claimant fails to make an election of Settlement Credit or an Alternative Payment on their Claim Form, the Claims Administrator shall award Settlement Credit.

iii.   If the Claims Administrator is able to identify a Claimant as an eligible Settlement Class Member by referencing the Recalled Lots Customer List, then no further efforts at verification are necessary and the Claimant shall be deemed eligible. If the Claims Administrator is unable to determine whether the Claimant is an eligible Settlement Class Member solely by referencing the Recalled Lots Customer List, then the Claim Administrator shall require some supporting information to verify the Claimant's eligibility. Such supporting information may include, *inter alia*, ADEG invoices or receipts, photographs of recalled ADEG canisters, proof of identity such as a driver's license, or any other documents or information the Claims Administrator deems sufficiently reliable to verify a Claimant's eligibility and identity. If the Claimant is not included on the Recalled Lots Customer List, the burden is on the Claimant to establish their eligibility.

iv.   After verifying that a Claimant is included on the Recalled Lots Customer List or, if the Claimant was not included on the Recalled Lots Customer List, that the Claimant is eligible to receive benefits under the Agreement, the Claims Administrator must determine whether that Claimant is identified on the Recalled Lots Refund List or on the list of customers receiving Replacement Product. If a Claimant is included on the Recalled Lots Refund List or the list of customers receiving Replacement Product, he or she is an Excluded Person. A Claimant may dispute that he or she is an Excluded Person if he or she (a) did not in fact receive a full refund for an ADEG canister purchased from the Recalled Lots, and/or (b) did not in fact receive Replacement Product in exchange for an ADEG canister purchased from the Recalled Lots, and (c) submits a statement to the Claims Administrator explaining that a full refund or Replacement Product was not received. If the Claimant submits such a statement to the Claims Administrator, he or she is eligible to receive a Settlement Credit, but not an Alternative Payment, under the Agreement. In the event it is ambiguous whether a Claimant is included on the Recalled Lots Refund List or the list of customers receiving Replacement Product, the Claims Administrator shall find the Claimant eligible.

4.   **Distribution of Class Member Benefits**

a.   For Claimants who elect to receive Settlement Credit, following the Effective Date, the Claims Administrator shall issue a credit to each Settlement Class Member in substantially the same form as Exhibit D. A Settlement Credit shall be redeemable for any available IVL2 product and shall be valid for three years from the Effective Date.

b.   For Claimants who elect to receive an Alternative Payment, each Settlement Class Member shall be entitled to a cash payment of $5. If, however, the number of Claimants choosing to receive an Alternative Payment exceeds the Alternative Payment Fund, then each Settlement Class Member electing an Alternative Payment shall receive a pro rata share. If monies remain in the Alternative Payment Fund after payment of $5 to each Settlement Class Member electing an Alternative Payment,

the excess will be distributed pro rata to all such Settlement Class Members. The Claims Administrator shall use good faith efforts to make payments under this provision within 90 days of the Effective Date.

5.  **Attorneys' Fees, Costs, and Expenses**

    a.  <u>Class Counsels' Fees and Costs</u>.  Class Counsel's reasonable attorneys' fees and costs, as determined and approved by the Court, shall be paid from the Settlement Fund no later than twenty-eight (28) days after the Effective Date.  Class Counsel may apply for an award of attorneys' fees up to one-third of the Total Settlement Value, and reimbursement of reasonable litigation costs of two hundred thousand two hundred and ten thousand and one hundred thirty-six dollars and thirty cents ($210,136.30), to be approved by the Court.  Settling Defendants agree not to oppose an application for attorneys' fees and costs in those amounts.

    b.  <u>Service Awards</u>. Subject to Court approval, each Plaintiff shall be entitled to receive a Service Award of up to $5,000 each for his or her role as a class representative.  The Service Awards shall be paid from the Settlement Fund no later than twenty-eight (28) days from the Effective Date.

    c.  <u>Administrative Fees and Costs</u>.  Settlement Administration Costs shall be paid from the Settlement Fund within ten (10) days after invoicing to and written approval by Class Counsel.  Absent exceptional circumstances, total Settlement Administration Costs shall not exceed $325,000.

    d.  <u>Excess Funds</u>. To the extent any monies remain in the Settlement Fund after payment of attorneys' fees and costs, Service Awards, and Settlement Administration Costs, such monies shall be added to the Alternative Payment Fund for distribution to those electing to receive an Alternative Payment.

6.  **Dismissal, Release of Claims, and Related Provisions**

    a.  <u>Dismissal</u>.  In the motion for final approval of the Settlement, Plaintiffs, on behalf of themselves and the Settlement Class, shall request that the Final Approval Order dismiss the Action with prejudice as to the Settling Defendants and enter a final judgment as to them. NaturMed will request that the Final Approval Order also dismiss its Crossclaims with prejudice and it will file any other necessary papers ordered by the Court to effectuate dismissal with prejudice of the Crossclaims.

    b.  <u>Release</u>.  Upon the Effective Date, the Released Parties, individually and collectively, shall be fully, finally and forever released from the Released Claims of the Class Members and other Releasing Parties who are not excluded from the Settlement Class by virtue of a timely and properly submitted Opt Out request or other Court order, and such Releasing Parties shall be prohibited and enjoined from asserting or prosecuting any Released Claims against any Released Parties. Upon the Effective Date, Bactolac will also be fully, finally, and forever released from NaturMed's Crossclaims, and NaturMed shall be prohibited and enjoined from asserting or prosecuting any Released Claim against Bactolac.

13

Upon the Effective Date and for the consideration provided for herein, each and every Class Member who participates in the Settlement (a) agrees and covenants to the maximum extent permitted by law that, in addition to the foregoing release of the Released Claims, he or she shall not, at any time, directly or indirectly cooperate in the filing or prosecution of any suit or proceeding, in any forum based upon or related to any Released Claims against the Released Parties and (b) acknowledges that the foregoing covenant shall apply and have effect by virtue of this Agreement and by operation of the Judgment. Each Class Member who participates in the Settlement and Plaintiffs' Counsel further agree and acknowledge that the covenants not to sue provided for in this paragraph are made to inure to the benefit of, and are specifically enforceable by, each of the Released Parties. Notwithstanding any other provision of this Agreement, nothing in this Agreement shall limit or preclude the Releasing Parties' rights to enforce any provision of this Agreement.

Releasing Parties are aware of California Civil Code §1542 and they expressly waive and relinquish any rights or benefits potentially available to them under this statute. The Releasing Parties stipulate and agree that, upon the Effective Date, and by operation of the Judgment, Releasing Parties shall expressly waive the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Releasing Parties may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Releasing Parties acknowledge that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

c.  <u>Dismissal:</u> Upon the Effective Date, Plaintiffs and the Settlement Class (with Court approval) will move to dismiss all claims in the Action with prejudice. Also upon the Effective Date, NaturMed will move to dismiss all of its Crossclaims against Bactolac with prejudice. However, any continuing obligations arising from the Settlement

14

shall survive any partial or later complete dismissal of the Action until they are determined by the Court to have been fully performed, and the Court, along with any appellate court with power to review the Court's orders and rulings in the Action, will retain exclusive and continuing jurisdiction over this Action for purposes of enforcing this Settlement Agreement and any issues associated therewith.

d.    <u>Deceased or Incompetent Absent Class Members:</u> It is contemplated by the Parties that legal representatives of deceased or incompetent Settlement Class Members shall have authority to sign Claim Forms and releases on behalf of the Settlement Class Members they represent.  Where a legal representative of a deceased or incompetent Settlement Class Member submits a Claim Form on that Settlement Class Member's behalf, that legal representative shall attest to their authority to act for the deceased or incompetent absent Settlement Class Member.  With respect to incompetent Settlement Class Members identified during the claims process, Class Counsel shall apply for an Order from the Court providing authority for such legal representative to sign the Claim Form and release on behalf of the incompetent Settlement Class Member he or she represents.  It is contemplated by the Parties that an Order from the Court finally approving the Settlement shall effectuate a settlement under N.Y. C.P.L.R. § 1207 for all absent incompetent Settlement Class Members.

e.    <u>Exclusive Remedy:</u>  The relief provided for in this Agreement shall be the sole and exclusive remedy for all Releasing Parties with respect to any Released Claims, and the Released Parties shall not be subject to liability or expense of any kind with respect to any Released Claims other than as set forth in this Agreement.

f.    <u>Covenant Not To Sue:</u>  Each of the Releasing Parties shall forever refrain from instituting, maintaining, prosecuting, or continuing any suit, action, arbitration, or proceeding against any of the Released Parties with respect to the Released Claims.

7.    **Preliminary Approval**

a.    Upon execution of this Agreement by all Parties, Class Counsel shall promptly move the Court for a Preliminary Approval Order.  The proposed Preliminary Approval Order shall be attached to the motion, or otherwise filed with the Court, and shall be in a form attached hereto as Exhibit E.

b.    The motion for Preliminary Approval shall, among other things, request that the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) find that it will be likely to certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23, for settlement purposes only, appoint the Plaintiffs as class representatives, and appoint Class Counsel as counsel for the Settlement Class; (3) approve the Notice Program set forth herein and approve the form and content of the Class Notice; (4) approve the procedures set forth herein in Sections 11 and 12 for Settlement Class Members to Opt-Out or object to the Settlement; (5) provide the authority for legal representatives of absent or incompetent Settlement Class Members, to sign Claim Forms and releases on behalf of the Settlement Class Members they represent; (6) stay further proceedings against

Settling Defendants pending Final Approval of the Settlement; and (7) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and counsel for Settling Defendants, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsels' application for attorneys' fees and costs and for a Service Award to Plaintiffs.

c.  In Plaintiffs' motion seeking Preliminary Approval, Plaintiffs shall request that the Court approve the Short Form Notice and the Long Form Notice attached at Exhibits A and B and approve the Notice Program. The Court will ultimately determine and approve the content and form of the notice forms to be distributed to the Settlement Class Members.

d.  The Parties further agree that in Plaintiffs' motion seeking Preliminary Approval, Plaintiffs will request that the Court enter the following schedule governing the Settlement: (1) deadline for commencing Class Notice (the Notice Date): thirty (30) days from Preliminary Approval; (2) Opt-Out Deadline: sixty (60) days from the Notice Date; (3) Objection Deadline: sixty (60) days from the Notice Date; (4) deadline for filing motions for approval of Plaintiffs' Service Awards and attorneys' fees and costs awards: ninety (90) days from the Notice Date; (5) Final Approval Hearing: one-hundred twenty (120) days from the Notice Date, or as soon thereafter as is mutually convenient.

8. **Class Certification for Settlement Purposes**

a.  In the motion for preliminary approval of the Settlement, Plaintiffs shall propose certification of the Settlement Class, solely for purposes of the Settlement, pursuant to Federal Rules of Civil Procedure 23(b)(3) and 23(e), with Plaintiffs as the proposed class representatives, which the Settling Defendants will not oppose.

b.  If this Agreement is terminated or the Court (or an appellate court) declines to approve the Settlement as proposed by the Plaintiffs, the Settling Defendants shall retain all of the rights to oppose class certification (and assert all other arguments and defenses) that they had prior to execution of this Agreement.

9. **CAFA Notice**

a.  Within ten (10) days after Plaintiffs file the motion for preliminary approval of the Settlement, each Settling Defendant shall provide CAFA Notice to the appropriate officials of the United States, the State of New York, the other forty-nine states, and the territories. Settling Defendants shall bear the costs of such notice. The Parties will request the Court to set a Final Approval Hearing for a date not sooner than ninety (90) days after Defendants issue notice as contemplated by CAFA.

b.  When each Settling Defendant provides CAFA Notice in accordance with Section 9(a) of this Agreement, it shall provide copies of the CAFA Notice to Plaintiffs.

10. **Class Notice**

   a. Within thirty (30) days of Preliminary Approval, or by the time specified by the Court, the Claims Administrator shall commence the Notice Program, including by mailing the Short Form Notice, in such form as is approved by the Court, to all individuals identified in the Recalled Lots Customer List.

   b. The Claims Administrator shall maintain a Settlement Website containing the operative Complaint, this Agreement, the Short Form Notice and Long Form Notice, Plaintiffs' motion seeking Preliminary Approval, the Preliminary Approval Order, Plaintiffs' motion seeking Final Approval, the Final Approval Order, the Claim Form, an online portal to file Claim Forms, and such other documents as the Parties agree to post or that the Court orders posted. These documents shall remain on the Settlement Website for at least six months after Final Approval. The Settlement Website's URL will be NaturMedIVLSettlement.com.

   c. The Claims Administrator shall send the Short Form Notice Form with attached Claim Form by mail to any potential Settlement Class Member who requests a copy. It will be conclusively presumed that the intended recipients received the Short Form Notice if the Short Form Notice Form has not been returned to the Claims Administrator as undeliverable within fifteen (15) calendar days of mailing.

   d. The Parties may by mutual written consent make non-substantive changes to the Short Form Notice and Long Form Notice without Court approval after the Court's approval of these forms.

   e. A Spanish-language translation of the Long Form Notice and Short Form Notice shall be available on the Settlement Website and will be provided to Settlement Class Members who request it from the Claims Administrator.

11. **Opt Outs**

   a. A Settlement Class Member may Opt Out by submitting to the Claims Administrator a timely and valid request that complies with the Opt Out procedure described in the Class Notice. To be timely and valid, an Opt Out request must have a verified submission date on or before the Opt Out Deadline and must include (i) the full name, current address, and telephone number of the requestor; (ii) a statement of the facts that make the requestor a Settlement Class Member; (iii) a statement requesting exclusion from the Settlement Class; and (iv) the signature of the requestor.

   b. Any Settlement Class Member that submits a timely and valid Opt Out request shall not (i) be bound by any orders or judgments entered in the Action to implement and effectuate the Settlement and this Agreement; (ii) be entitled to any of the relief or other benefits provided under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to submit an Objection.

   c. Any Settlement Class Member that does not submit a timely and valid Opt Out request submits to the jurisdiction of the Court and shall be bound by the terms of

this Agreement and by all orders and judgments in the Action to implement and effectuate the Settlement and this Agreement.

d.   No "mass" or "class" Opt Out requests shall be valid, and no Settlement Class Member may submit an Opt Out request on behalf of any other Settlement Class Member.

e.   Any Settlement Class Member that submits an Opt Out request may revoke the request by submitting to the Claims Administrator a statement of revocation with a verified submission date no later than forty (40) days before the Final Approval Hearing; provided, however, that Class Counsel shall have discretion to extend this deadline on a case-by-case basis.

f.   As soon as practicable and no later than thirty (35) days before the Final Approval Hearing, the Claims Administrator shall furnish the Parties with a final list of all timely and valid Opt Out requests that have been submitted and not revoked.

12.   **Objections**

a.   A Settlement Class Member may make an Objection by serving on the Parties a timely and valid statement of Objection that complies with the Objection procedure described in the Class Notice.  Class Counsel shall file all such Objections with the Court at least twenty (20) days prior to the Final Approval Hearing.

b.   To be timely and valid, a statement of Objection must be postmarked or received on or before the Objection Deadline and must include (i) the full name, current address, and telephone number of the objector; (ii) a statement of the facts that make the objector a Settlement Class Member; (iii) a statement describing all of the objector's challenges to this Agreement or the Settlement and the reasons for those challenges; (iv) all of the papers and evidence the objector intends to submit in support of those challenges; (v) a statement of whether the objector intends to appear at the Final Approval Hearing; (vi) the signature of the objector; (vii) a statement that the objector is willing to be deposed, upon request, on a mutually acceptable date at least ten (10) days before the Final Approval Hearing; (viii) the caption of each case in which the objector or counsel representing the objector has objected to a class action settlement within the preceding five years and a copy of all orders related to or ruling upon those objections; and (ix) all agreements that relate to the Objection, whether written or verbal, between or among the objector, counsel for the objector, and/or any other Person.

c.   No "mass" or "class" Objections shall be valid, and no Settlement Class Member may submit a statement of Objection on behalf of any other Settlement Class Member.

d.   Unless the Court orders otherwise, only those Settlement Class Members whose statements of Objection express an intention to appear at the Final Approval Hearing shall have the right to present their Objections orally at the Final Approval Hearing.

e. Plaintiffs and the Settling Defendants shall have the right, but not the obligation, to respond to any timely filed objection no later than seven (7) days prior to the Final Approval Hearing. Any Party who wishes to respond shall file a copy of the written response with the Court, and shall serve a copy, by hand or overnight delivery, to the objecting Settlement Class Member (or his or her counsel) and by email to counsel for Plaintiffs and/or the Settling Defendants.

f. A Settlement Class Member that does not submit a timely and valid Objection shall have waived, and shall be foreclosed from making, any challenge to this Agreement or the Settlement in the Action or any other proceeding.

13. **Final Approval and Entry of Final Judgment**

a. The Parties shall jointly seek a Final Approval Order and entry of final judgment ("Judgment") from the Court that:

 i. Approves the Settlement Agreement in its entirety pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate;

 ii. Certifies the Settlement Class, for settlement purposes only;

 iii. Confirms appointment of the Claims Administrator;

 iv. Confirms the appointment of Class Counsel;

 v. Finds that the Class Notice has satisfied the requirements set forth in Federal Rule of Civil Procedure 23(c)(2)(B);

 vi. Bars and enjoins each Settlement Class Member from commencing, asserting, and/or prosecuting any and all Released Claims against any Released Party;

 vii. Dismisses with prejudice all claims in the operative Complaint asserted against Settling Defendants, without further costs, including claims for interest, penalties, costs, and attorneys' fees;

 viii. Enters final judgment as to the Settling Defendants and the claims against them in the Action pursuant to Federal Rule of Civil Procedure 54(b);

 ix. Confirms that each of the Settling Defendants has complied with and otherwise discharged its obligations under the Class Action Fairness Act, 28 U.S.C. § 1715(a);

 x. Confirms that it retains continuing jurisdiction over the Settlement Fund; and

 xi. Expressly incorporates the terms of this Agreement and provides that the Court retains continuing and exclusive jurisdiction over the Parties, the Settlement Class Members, and this Agreement, to interpret, implement, administer and enforce the Agreement in accordance with its terms.

b.   The motion for Final Approval of this Settlement shall include a request that the Court enter the Final Approval Order and, if the Court grants Final Approval of the Settlement and incorporates the Agreement into the final judgment, that the Court shall dismiss Settling Defendants from this Action with prejudice, and enter final judgment as to them, subject to the Court's continuing jurisdiction to enforce the Agreement.

14.   **Amendment of Agreement**

a.   Counsel for the Parties may agree to amend this Agreement for any reason at any time.

b.   Prior to entry of the Final Approval Order, this Agreement may be amended only by a writing executed by counsel for all Parties.

c.   After entry of the Final Approval Order, this Agreement may be amended only by a writing executed by all Parties and approved by the Court.

15.   **Termination Rights and Effect of Termination**

a.   Any of the Parties may terminate this Agreement if any of the following events happen: (i) the Court declines to approve any part of the Settlement; (ii) the Court declines to approve or changes a material term of the requested Preliminary Approval Order or the requested Final Approval Order; (iii) an appellate court reverses, vacates, or otherwise overturns the Final Approval Order in whole or in part; (iv) another of the Parties materially breaches this Agreement before the Effective Date and fails to promptly cure the breach after receiving written notice of the breach; or (v) the Effective Date otherwise does not come to pass. For Settling Defendants to terminate the Agreement under this section, they must unanimously agree to terminate the Agreement in writing unless a Defendant has breached the Agreement under (iv), above, in which case the non-breaching Parties must unanimously agree to terminate the Agreement in writing.

b.   Any Defendant shall have the right to withdraw from and terminate this Agreement in its entirety if the number of Persons in the Settlement Class that validly Opt Out of this Settlement pursuant to Section 11 of this Agreement exceeds the number of opt-outs permitted in the Parties' Confidential Opt-Out Agreement, which is set forth in more detail in Section 17 below.

c.   In order to exercise a right to terminate this Agreement, a Party must deliver written notice of termination to counsel for all other Parties within ten (10) days after the later of the event creating the right to terminate or the Party learning of the event creating the right to terminate, unless that deadline is extended by written consent of counsel for all Parties.

d.   If a Party exercises a right to terminate this Agreement, (i) the Parties shall have thirty (30) days to resume settlement negotiations and determine if the Parties can reach an amended agreement, including without limitation with the assistance of a mediator; (ii) all deadlines under this Agreement shall be stayed for the duration of the

negotiations; (iii) the Parties shall jointly request a stay of all Court deadlines for the duration of the negotiations; and (iv) the Parties shall jointly advise the Court of the status of this Agreement or any amendment to this Agreement within seven (7) days after the conclusion of the thirty-day negotiation period.

e.  Unless the Parties agree otherwise in writing, thirty-one (31) days after a Party exercises a right to terminate this Agreement:

   i.  The Agreement shall become null and void and of no further force and effect.

   ii.  Any unused portion of the Settlement Fund shall be returned to the Settling Defendants on a pro rata basis.

   iii.  The Action shall resume as if the Parties never entered into the Agreement.

   iv.  The Parties shall be restored to their respective positions in the Action as of the Execution Date, with all of their respective legal claims and defenses preserved as they existed on that date.

   v.  The Parties shall jointly move to vacate any orders entered in connection with the Settlement.

   vi.  The Parties shall jointly move for the entry of a scheduling order establishing procedures and deadlines for, among other things, a class certification hearing.

   vii.  The Agreement and any negotiations, statements, term sheets, communications, or proceedings relating thereto, the Preliminary Approval Order, and the fact that the Parties agreed to the Agreement shall not be offered as an admission or concession by any of the Parties or Settlement Class Members or as evidentiary, impeachment, or other material available for use or subject to discovery in any suit, action, or proceeding (including this Action) before any civil or criminal court, administrative agency, arbitral body, or other tribunal. No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Each Party reserves the right to prosecute or defend this Action in the event that this Agreement does not become final and binding.

f.  If a Party breaches the Agreement after the Effective Date, none of the Parties may terminate the Agreement and any aggrieved Parties may seek relief only from the breaching Party. In no event shall any non-breaching Party have any liability arising out of or related to a breach of the Agreement by any other Party.

16.  **Confidentiality**

a.  The Parties agree that the individual contributions made by each Settling Defendant to the Total Settlement Payment described in Section 2(b)(i) of this Agreement is confidential, and each Party agrees that they will not state, disclose, imply, or in any

way communicate to anyone any Settling Defendant's individual contribution to the Total Settlement Payment.

b.  While the Parties represent that this Agreement would not have been consummated absent this confidentiality provision, the Parties acknowledge that One Hundred Dollars ($100.00) of the Total Settlement Payment represents consideration for the promises to maintain strict confidentiality of each Defendant's individual contribution to the Total Settlement Payment.

c.  The Parties acknowledge that the actual damages incurred for a violation of this confidentiality provision set forth in this Agreement would be impossible or very difficult to ascertain or prove with certainty. Therefore, the Parties agree that, in addition to reimbursing the non-breaching Party for all costs, including attorneys' fees, if any, incurred in establishing a breach of Section 16 of this Agreement, in the event of such breach, the non-violating or non-breaching Party shall be entitled to recover liquidated damages from the violating or breaching Party in the amount of Ten Thousand Dollars ($10,000) for each violation thereof, and that each separate instance shall constitute a separate violation for purposes of calculating the damages incurred. The Parties further agree that the $10,000 liquidated damages amount constitutes reasonable and just compensation for the harm that would be caused by any violation of Section 16; and, therefore, the Parties agree to accept this sum as liquidated damages, and not as a penalty, in the event of a violation of the confidentiality provision set forth in Section 16.

d.  Nothing herein prevents any Party from disclosing the Settling Defendants' individual contributions to the Total Settlement Payment to the extent required by law, court order, or subpoena.  However, if any Party receives notice, or otherwise learns, of any attempt to compel disclosure of terms or information the disclosure of which is prohibited by this Section, that Party shall promptly, and in no event more than five (5) business days after learning of the attempt, provide to the other Parties, by email, notice of the attempt so that the other Parties have an adequate opportunity to oppose the disclosure.  Notices to the Parties shall be sent to the Parties' attorneys listed in Section 17(p).

17.  **Supplemental Agreements**

a.  In addition to the provisions contained in Section 15, each Defendant shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement pursuant to the Confidential Opt-Out Agreement to be executed by Plaintiffs and the Settling Defendants contemporaneously with the execution of this Agreement. This Agreement shall not be fully executed or enforceable without Plaintiffs' and the Settling Defendants' execution of the Confidential Opt-Out Agreement. The Confidential Opt-Out Agreement shall not be submitted to the Court except in the event of a dispute thereunder, in which case the Parties shall seek to file it only under seal.

18.    **Miscellaneous**

a.  <u>Jurisdiction and Venue</u>.  The United States District Court for the Eastern District of New York shall retain jurisdiction over the Parties and Settlement Class Members to interpret, implement, administer, and enforce the terms of this Agreement and resolve any dispute regarding this Agreement, the Settlement, the Preliminary Approval Order, or the Final Approval Order.  All proceedings related to this Agreement, the Settlement, the Preliminary Approval Order, or the Final Approval Order shall be initiated and maintained in the United States District Court for the Eastern District of New York.

b.  <u>Governing Law</u>. The Agreement shall be governed by and construed in accordance with the law of the State of New York without regard for choice-of-law or conflict-of-laws principles.

c.  <u>All Reasonable Efforts</u>.  The Parties agree to cooperate with one another and use all reasonable efforts to support, promote, and obtain court approval and finality, and to exercise reasonable efforts to accomplish the terms and conditions of this Agreement.

d.  <u>Voluntary Settlement</u>:  The Parties and their counsel agree that, in consideration of all the circumstances, and after significant, adversarial arm's-length settlement negotiations among counsel and with the assistance of a mediator, the proposed Settlement embodied in this Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Classes, and was reached voluntarily after consultation with competent legal counsel.

e.  <u>Binding Nature</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties, the Settlement Class Members, and their respective agents, employees, representatives, heirs, executors, administrators, successors, and assigns.

f.  <u>Failure of Plaintiff to be Appointed Class Representative</u>.  In the event that one or more Plaintiffs fails to secure Court approval to act as a class representative, the validity of this Agreement as to the remaining class representatives and the Settlement Classes shall be unaffected.

g.  <u>Mistake.</u>  Each of the Parties to the Agreement has investigated the facts pertaining to it to the extent each Party deems necessary.  In entering into this Agreement, each Party assumes the risk of mistake with respect to such facts.  This Agreement is intended to be final and binding upon the Parties regardless of any claim of mistake.

h.  <u>Finality.</u>  This Agreement is intended to be final and binding among the Parties, and is further intended to be a full and final accord and satisfaction between and among each of them.  Each Settling Defendant and Plaintiff relies on the finality of this Agreement as a material factor inducing that Party's execution of this Agreement.

i.  <u>Authorization to Settle</u>.  Each of the Parties has all necessary authority to enter into this Agreement, has authorized the execution and performance of this Agreement, and has authorized the Person signing this Agreement on its behalf to do so.

j. <u>Execution</u>. This Agreement may be executed in counterparts, including via electronic signature, and shall be binding once all Parties have executed the Agreement. The Parties further agree that signatures provided by portable document format (PDF) or other electronic transmission shall have the same force and effect as original signatures.

k. <u>Dispute Resolution</u>. The Parties will attempt to resolve any disputes regarding this Agreement in good faith. If unable to so resolve a dispute, the Parties will refer the matter to the United States District Court for the Eastern District of New York for resolution.

l. <u>No Liability</u>. No Person shall have any claim against any Plaintiffs, Settlement Class Members, Class Counsel, Released Parties, counsel for the Settling Defendants, or the Claims Administrator based on actions that any Plaintiffs, Settlement Class Members, Class Counsel, Released Parties, counsel for Settling Defendants, or the Claims Administrator were required or permitted to take under this Agreement, the Preliminary Approval Order, or the Final Approval Order. No Person shall have any claim against any Released Parties or counsel for Settling Defendants related to administration of the Settlement. No Person shall have any claim against Plaintiffs, Class Counsel, or the Claims Administrator related to the administration of the Settlement (including making payments to Settlement Class Members), except for in the presence of proven willful misconduct.

m. <u>Entire Agreement</u>. This Agreement and the Confidential Opt-Out Agreement constitute the entire agreement of the Parties with respect to the subject matter thereof, and they supersede all prior and contemporaneous oral and written agreements and discussions among them on that subject matter. The Settlement is not subject to any condition, representation, warranty, or inducement not expressly provided for herein, and there exist no collateral or oral agreements, promises, conditions, representations, warranties, or inducements among any of the Parties, Class Counsel, Settling Defendants, or counsel for the Settling Defendants relating to the subject matter of the Agreement and the Confidential Opt-Out Agreement that supersede or supplement the Agreement and the Confidential Opt-Out Agreement.

n. <u>Deadlines</u>. If the last date for the performance of any action required or permitted by this Agreement falls on a Saturday, Sunday, or Court or public holiday, that action may be performed on the next business day as if it had been performed within the time period provided for performance of the action.

o. <u>Reasonable Extensions</u>. Unless the Court orders otherwise, the Parties may agree in writing to any reasonable extensions of time to carry out any of the provisions of this Agreement.

p. <u>Notices</u>. Any notice, demand, or other communication under this Agreement (other than the Class Notice) shall be in writing and shall be deemed duly given if it is addressed to the intended recipient as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed email, or delivered by reputable express overnight courier:

To Plaintiffs or Settlement Class Members:

James J. Bilsborrow
Weitz & Luxenberg, PC
700 Broadway
New York, New York 10003
jbilsborrow@weitzlux.com

To Bactolac:

Matthew D. Kelly
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Dr., Suite 5500
Chicago, IL 60606
mkelly@smsm.com

To NaturMed:

Sheila Carmody
Courtney Henson
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren St., Suite 1900
Phoenix, AZ 85004-2202
scarmody@swlaw.com
chenson@swlaw.com

To IVL2:

Anthony Austin
Fennemore Craig, P.C.
2394 East Camelback Road
Suite 600
Phoenix, AZ 85016
aaustin@fennemorelaw.com

Any notice required to be sent to the Claims Administrator shall be delivered to his, her, or its official business address.

q.  Waiver.  The provisions of this Agreement may be waived only by written agreement signed by the waiving party.  The waiver by any Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach of this Agreement.

r.  Materiality of Exhibits.  All of the Exhibits to the Settlement Agreement are material and integral parts hereof.

25

s. <u>Severability</u>. The provisions of this Agreement are not severable, except as provided in the Agreement.

t. <u>Third-Party Beneficiaries</u>. This Agreement does not create any third-party beneficiaries, except Settlement Class Members and the Released Parties other than the Settling Defendants, who are intended third-party beneficiaries.

u. <u>Force Majeure</u>. The failure of any Party to perform any of its obligations hereunder shall not subject any Party to any liability or remedy for damages, or otherwise, where such failure is occasioned in whole or in part by Acts of God, fires, accidents, pandemics, other natural disasters, interruptions or delays in communications or transportation, labor disputes or shortages, shortages of material or supplies, governmental laws, rules or regulations of other governmental bodies or tribunals, acts or failures to act of any third parties, or any other similar or different circumstances or causes beyond the reasonable control of such Party.

v. <u>No Admission</u>. Defendants expressly deny all allegations of wrongdoing or liability with respect to the claims and allegations in the Action and deny that the Action could have been properly maintained as a class action. It is expressly agreed that neither this Settlement, the Settlement Agreement and Release, any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by Defendants of any fault, wrongdoing or liability whatsoever with respect to the claims and allegations in the Action. By agreeing to settle the claims of the Settlement Class in the Action, Defendants do not admit that the Action could have been properly maintained as a contested class action and the Settlement Class does not admit any deficiency in the merits of their claims. Defendants assert they have valid defenses to Plaintiffs' and the Class Members' claims and are entering into the Settlement solely to compromise the disputed claims and avoid the risk and expense of continued litigation. Entering into or carrying out the Settlement Agreement and Release, and any negotiations or proceedings related thereto, is not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received in evidence in any action or proceeding by or against any Party hereto in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendants and any Class Member(s), the provisions of the Settlement Agreement and Release, or the provisions of any related agreement, order, judgment or release.

**[SIGNATURES ON NEXT PAGE]**

**APPROVED AND AGREED TO:**

**Class Counsel**

By: _James Bilsborrow_

Date: 12/9/21

**Defendant Bactolac Pharmaceutical, Inc.**

By: _____
Position:
Date:

**Defendant NaturMed, Inc.**

By: _____
Position:
Date:

**Defendant Independent Vital Life LLC**

By: _____
Position:
Date:

**APPROVED AND AGREED TO:**

**Class Counsel**                                     **Defendant Bactolac Pharmaceutical, Inc.**

_____

By:                                                                By: Paиla M. Reddy
Date:                                                             Position: Chief Executive Officer
                                                                      Date: 11/22/2021

                                                          **Defendant NaturMed, Inc.**

                                                          _____

                                                          By:
                                                          Position:
                                                          Date:

                                                          **Defendant Independent Vital Life LLC**

                                                          _____

                                                          By:
                                                          Position:
                                                          Date:

27

**APPROVED AND AGREED TO:**

**Class Counsel**                                    **Defendant Bactolac Pharmaceutical, Inc.**

_____                              _____
By:                                                  By:
Date:                                                Position:
                                                     Date:

                                                     **Defendant NaturMed, Inc.**

                                                     By: William D. Ruble
                                                     Position: President (thru 4/15/17)
                                                     Date: 11/22/2021

                                                     **Defendant Independent Vital Life LLC**

                                                     _____
                                                     By:
                                                     Position:
                                                     Date:

27

**APPROVED AND AGREED TO:**

**Class Counsel**

By: _____
Date:

**Defendant Bactolac Pharmaceutical, Inc.**

By: _____
Position:
Date:

**Defendant NaturMed, Inc.**

By: _____
Position:
Date:

**Defendant Independent Vital Life LLC**

By: _Don Ebile_
Position: _Manager_
Date: _11-30-21_

27

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

# If you purchased one or more canisters of All Day Energy Greens or All Day Energy Greens Fruity in 2014 or 2015, you could get benefits from a class action settlement.

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- A Settlement has been reached with Bactolac Pharmaceutical, Inc. ("Bactolac"), NaturMed, Inc. (d/b/a Institute for Vibrant Living) ("NaturMed"), and Independent Vital Life, LLC ("IVL2") in a class action lawsuit about the sale of certain voluntarily recalled lots of the dietary supplement All Day Energy Greens and All Day Energy Greens Fruity (collectively, "ADEG") in 2014 and 2015.

- The Settlement includes all Persons in the United States who purchased one or more canisters of ADEG that were manufactured as part of the Recalled Lots.

- The Recalled Lots consists of 99 lots of ADEG manufactured in 2014 and 2015 that were included in the March 2016 voluntary product recall of ADEG conducted by NaturMed with the knowledge of the Food and Drug Administration. The list of Recalled Lots is available on the settlement's website NaturMedIVLSettlement.com.

- Your legal rights are affected regardless of whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you can get a payment or other benefits from this Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Do not get a payment or other settlement benefits. This is the only option that allows you to be part of any other lawsuit against the Released Parties, including the Settling Defendants, for the legal claims made in this lawsuit and released by the Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court with reasons why you do not agree with the Settlement. |
| **GO TO THE FINAL APPROVAL HEARING** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Approval Hearing. |
| **DO NOTHING** | You will not get a payment or other benefits from this Settlement and you will give up certain legal rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court overseeing this case still has to decide whether to approve the Settlement.

## BASIC INFORMATION

| 1. | Why is this Notice being provided? |
|---|---|

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Eastern District of New York. There are two cases consolidated for pretrial proceedings, known as *Copley v. Bactolac Pharmaceutical, Inc. et al.*, No. 2:18-cv-00575-FB-PK, and *Faris v. Bactolac Pharmaceutical, Inc. et al.*, No. 1:20-cv-1338-FB-PK (the "Action"). U.S. District Court Judge Frederic Block is presiding over the Action. The people who filed the lawsuit are called Plaintiffs. The companies they sued, Bactolac, NaturMed, and IVL2, are called Defendants. This Settlement is between Plaintiffs and the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

Plaintiffs claim that 99 lots of ADEG manufactured in 2014 and 2015 by Bactolac and sold to consumers by NaturMed contained ingredients not identified on the product label and omitted certain ingredients required by the product formula, which caused the supplement to be adulterated. Plaintiffs allege that the manufacture and sale of adulterated ADEG renders Bactolac and NaturMed liable under theories of breach of warranty, state consumer protection statutes, and under common law tort theories for monetary damages. Plaintiffs further allege that IVL2 is a mere continuation of NaturMed and is liable for the wrongful acts committed by its predecessor.

The Defendants deny Plaintiffs' allegations, and any alleged wrongdoing in connection with the manufacture and sale of ADEG, and dispute the factual, legal, scientific, and other bases for Plaintiffs' claims.

QUESTIONS? CALL 1-___-___-_____ TOLL-FREE OR VISIT _____

1

| **3. What is a class action?** |
| --- |

In a class action, one or more people called representative Plaintiffs (in this case, Charles Copley, Jason Evans, Humberto Garcia, Luz Angelina Garcia, Joan McDonald, John Peterson, Natalie Roberts, Norman Skare, individually and as personal representative for Betty Skare, David Stone, Kaye Wink, individually and as next of kin of Donald Wink, Jeffrey Faris, Antonia Hampton, Raul Robles, and Kathleen Cannon) sue on behalf of people who have similar claims. Together, all these people and the Persons that they represent are called Settlement Class Members. One Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Classes.

| **4. Why is there a Settlement?** |
| --- |

The Court did not decide in favor of the Plaintiffs or the Defendants. Instead, the Plaintiffs and Defendants agreed to a settlement. This way, they avoid the cost and burden of a trial and eligible Settlement Class Members can get benefits and more quickly. The class representative Plaintiffs and their attorneys ("Class Counsel") think the Settlement is best for all Settlement Class Members.

#### WHO IS INCLUDED IN THE SETTLEMENT?

| **5. How do I know if I am part of the Settlement?** |
| --- |

You are part of the Settlement as a Settlement Class Member if you are a Person in the United States who purchased one or more canisters of ADEG that were manufactured as part of the Recalled Lots (unless you fall into one of the exclusions described in Section 6).

The Recalled Lots are 99 lots included in the March 2016 voluntary product recall of ADEG conducted by NaturMed with the knowledge of the Food and Drug Administration. The lot numbers for the Recalled Lots are set forth on the Settlement Website www.NaturMedIVLSettlement.com.

| **6. Are there exceptions to being included in the Settlement?** |
| --- |

Yes. The Settlement does not include (i) any such Person who has timely and validly excluded himself, herself, or themself from the Settlement Class, in accordance with the Settlement's terms; (ii) the Defendants, any entity or division in which the Defendants have a controlling interest, their legal representatives in this Action, and their officers, directors, assigns, and successors; (iii) the judge to whom this Action is assigned, any member of the judge's immediate family and the judge's staff, or any other judicial officer or judicial staff member assigned to this case; (iv) any Class Counsel, including their partners, members, and shareholders, and any immediate family members of Class Counsel, (v) any State, including without limitation the United States, or any of its agencies; and (vi) any Person who purchased one or more canisters of ADEG manufactured from a Recalled Lot and who previously received (a) a full refund for his or her purchase, or (b) Replacement Product.

| **7. I am still not sure if I am included.** |
| --- |

If you are still not sure whether you are included, you can call 1-___-___-____ or visit www.NaturMedIVLSettlement.com for more information.

#### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

| **8. What does the Settlement provide?** |
| --- |

The Defendants have agreed to pay $1,725,000 into a Settlement Fund. Eligible Settlement Class Members will have the choice to claim a credit worth $10.00 toward purchase of any IVL2 product, which will remain valid for three years, or $5 cash. If, however, the number of claimants electing to receive the cash payment exceeds the $100,000 Alternative Payment Fund, then each Settlement Class Member electing a cash payment shall receive a pro rata share. If monies remain in the Alternative Payment Fund after payment of $5 to each Settlement Class Member electing a cash payment, the excess will be distributed pro rata to all such Settlement Class Members.

#### HOW TO GET SETTLEMENT BENEFITS—SUBMITTING A CLAIM FORM

| **9. How do I get a Settlement Credit or Alternative Fund Payment?** |
| --- |

To qualify for a Settlement payment or receive a Settlement Credit, you must complete and submit a Claim Form by **Month __, 2022**. You may submit a Claim Form by returning the form attached to the postcard you received in the mail notifying you of this Settlement, or you may use the online Claim Form available at www.NaturMedIVLSettlement.com. Claim Forms are also available by calling 1-___-___-____ or by writing to _____ Settlement Administrator, P.O. Box _____, City, ST _____-____.

| **10. When will I get my payment or Settlement Credit?** |
| --- |

The Court will hold a Final Approval Hearing at __:_0 _.m. on Month __, 2022 to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether any appeals will be filed and, if so, how long it will take to resolve them. Settlement payments and credits will be distributed as soon as possible, if and when the Court grants final approval to the Settlement and after any appeals are resolved.

## 11. What am I giving up to get a payment or credit and stay in the Settlement?

Unless you exclude yourself, you are staying in the Settlement. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You won't be able to sue or be part of any other lawsuit against the Settling Defendants and the Released Parties (see next question) about the legal issues resolved by this Settlement. The rights you are giving up are called Released Claims.

## 12. What are the Released Claims?

If the Settlement is approved and becomes final, Settlement Class Members will have expressly, intentionally, voluntarily, and forever released, compromised, settled, and discharged all claims and damages (statutory, contract, tort, equitable, punitive, interest, or any other relief) that they, along with the Releasing Parties (meaning each Settlement Class Member's predecessors, successors, heirs, assignors, and assignees, and any past and present affiliates, directors, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of such persons or entities) may have against the Released Parties (meaning Bactolac, NaturMed, and IVL2, and each Defendant's insurers; their respective predecessors, successors, heirs, assignors, and assignees; and any past and present affiliates, directors, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of the foregoing entities) arising out of or related to the allegations in the Complaint. Without limiting the foregoing, the Released Claims include any and all claims that were, or that could have been, asserted in the Action. The release shall extend to and include Defendants and their affiliates, subsidiaries, predecessors, successors, officers, directors, employees, insurers, and attorneys. The release also shall extend to and include all claims, demands, actions, causes of action, allegations, rights, obligations, costs, losses, and damages arising in whole or in part at any time from January 1, 2014 through the Effective Date from or in connection with the acts or omissions of Defendants or any of the other Released Parties of any and every kind of nature, whether in law or in equity, whether in tort or contract, whether arising under common law, statute, or regulation, whether known or Unknown Claims, based upon the claims that were, or could have been, asserted in the Action. Released Claims are not those claims relating to the enforcement of the Settlement Agreement.

### THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

Yes. The Court appointed James J. Bilsborrow of Weitz & Luxenberg, P.C. as "Class Counsel" to represent you and other Settlement Class Members. This lawyer and his firm is experienced in handling similar cases. You will not be charged for this lawyer. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the Court for an award of attorneys' fees of up to one-third of the Total Settlement Value (up to $1,207,019), plus reimbursement of reasonable litigation costs. They will also ask the Court to approve $5,000 service awards to be paid to each of the class representative Plaintiffs (a total payment of $70,000). The Court may award less than these amounts. If approved, these fees, costs, and awards will be paid from the Settlement Fund before making cash payments or Settlement Credits available to Settlement Class Members.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

## 15. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating (1) you want to be excluded from *Copley v. Bactolac Pharmaceutical, Inc.*, No. 2:18-cv-00575 (E.D.N.Y.), (2) your full name, current address, and telephone number, (3) facts that prove you are a Settlement Class member, (4) a statement requesting exclusion from the Settlement Class, and (5) your signature. You must mail your exclusion request postmarked no later than **Month __, 2022** to:

Settlement Administrator
P.O. Box _____
City, ST _____-____

The Defendants have the right to terminate the settlement if an undisclosed number of class members choose to exclude themselves from the Settlement. If this occurs, the Settlement will be terminated, and no class member will receive any benefits.

## 16. If I exclude myself, can I still get a payment or other benefits from the Settlement?

No. If you exclude yourself, you are telling the Court that you don't want to be part of the Settlement. You can only get a payment or Settlement Credits if you stay in the Settlement and submit a valid Claim Form.

| **17. If I do not exclude myself, can I sue the Settling Defendants for the same thing later?** |
|---|

No. If you stay in the Settlement (*i.e.*, do nothing or do not exclude yourself), you give up any right to separately sue any of the Released Parties, including the Defendants, for the claims made in this lawsuit and released by the Class Settlement Agreement.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

| **18. How do I tell the Court that I do not agree with the Settlement?** |
|---|

If you are a Settlement Class Member, you can object to the Settlement if you do not agree with it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Your objection must include: (1) your full name, current address, and telephone number; (2) a statement of facts that indicate you are a Settlement Class Member; (3) a statement of your objections and the reasons for them; (4) copies of any papers and evidence you intend to submit to support your objection; (5) a statement indicating whether you plan appear at the Final Approval Hearing; (6) a statement indicating that you are willing to be deposed, upon request, on a mutually acceptable date at least 10 days before the Final Approval Hearing; (7) a list containing the case name, court, and docket number of any other class action settlements in which you or your counsel have filed an objection in the past five years, and a copy of all orders related to or ruling upon those objections; (8) all written and verbal agreements between you, your counsel or any other person related to your objection; and (9) your signature.

Your objection must be mailed to Class Counsel <u>and</u> Defense Counsel so it is postmarked no later than **Month __, 2022**.

| **Class Counsel** | **Defense Counsel** |
|---|---|
| James J. Bilsborrow<br>Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, New York 10003 | Matthew Kelly<br>Segal McCambridge Singer<br>& Mahoney<br>233 S. Wacker Dr., Suite 550<br>Chicago, IL 60606<br><br>Sheila Carmody<br>Courtney Henson<br>Snell & Wilmer  LLP<br>One Arizona Center<br>400 E. Van Buren St., Suite 1900<br>Phoenix, AZ 85004-2202<br><br>Anthony Austin<br>Fennemore Craig, P.C.<br>2394 East Camelback Rd.<br>Suite 600<br>Phoenix, AZ 85016 |

| **19. May I come to Court to speak about my objection?** |
|---|

Yes. You or your attorney may request to speak at the Final Approval Hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intend to appear at the Final Approval Hearing.

| **20. What is the difference between objecting to the Settlement and asking to be excluded from it?** |
|---|

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you remain in the Settlement Class (that is, do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself, you cannot object because the Settlement no longer affects you.

**THE COURT'S FINAL APPROVAL HEARING**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

| **21. When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court will hold a Final Approval Hearing at __:_0 a.m. on Month __, 202_, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn NY 11201. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. It will also consider whether to approve Class Counsel's request for an award of attorneys' fees and costs, as well as the class representative Plaintiffs' service awards. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak at the hearing (see Question 19 above). After the hearing, the Court will decide whether to approve the settlement.

### 22.  Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to come to the hearing at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required that you do so.

### 23.  May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing (see Question 19 above).

### IF YOU DO NOTHING

### 24.  What happens if I do nothing at all?

If you are Settlement Class Member and you do nothing, you will give up the rights explained in Question 8, including your right to start a lawsuit or be part of any other lawsuit against the Released Parties, including the Defendants, about the legal issues resolved by this Settlement. In addition, you will not receive a payment or credit from the Settlement.

### GETTING MORE INFORMATION

### 25.  How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Class Settlement Agreement. The Settlement Agreement and other documents are available at www.NaturMedIVLSettlement.com. Additional information is also available by calling 1-___-___-____ or by writing to _____ Settlement Administrator, P.O. Box _____, City, ST _____-____. Publicly-filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Eastern District of New York or reviewing the Court's online docket.

# EXHIBIT B

# Claim Form

To submit a Claim for a Settlement Credit or Alternative Payment from the Settlement Fund, please fill out the Claim Form below and send it by U.S. mail. You may also submit a Claim Form online at www.SettlementWebsite.com. The deadline to file a Claim online is **Month XX, 2022**. If you send in a Claim Form by regular mail, it must be **postmarked on or before Month XX, 2022**.

QR Code
to Claim
Form

**Settlement Claim ID:** [Claim ID]

www.SettlementWebsite.com/claimform

**\*Step 1**

**\*First Name**

**\*Last Name**

**\*Street Address**

**\*City**      **\*State**   **\*Zip Code**

**\*Step 2**
For my Settlement Benefit, I choose:
(select one below - if no selection is made, a Settlement Credit will be issued by default)
☐ Settlement Credit: $10 toward future IVL2 product purchase, valid for 3 years
☐ Alternative Payment: Expected $5, adjusted based on number of claimants

**\*Step 3**
For my preferred credit/payment method, I choose:
(select one option below):
☐ Mailed Settlement Credit/Alternative Payment
☐ Digital Settlement Credit/Alternative Payment

**Step 3: Email Address (Required if you have selected digital payment or digital delivery of credit)**

\*I affirm that to the best of my knowledge I am a Settlement Class Member and purchased one or more canisters of ADEG that were manufactured as part of the Recalled Lots in 2014 and 2015 *and* I affirm that I have not previously received a full refund for my purchase.

**\*Signature:** _____   **\*Date (MM/DD/YY):** ___ / ___ / ___

**\*Denotes Information You Must Provide To Have A Valid Claim**
Questions? Visit www.SettlementWebsite.com or call 1-XXX-XXX-XXXX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Postal Service: Do Not Mark or Cover Barcode

Z007

[DIZ] [ETATS] [YTIC]
[ADDRESS2]
[ADDRESS1]
[FIRST NAME] [LAST NAME]
SETTLEMENT CLAIM ID: [claim Id]

QR Code

ELECTRONIC SERVICE REQUESTED

**NaturMed/IVL Settlement Administrator**
P.O. Box XXXX
Baton Rouge, LA 70821

Visit www.SettlementWebsite.com or call 1-XXX-XXX-XXXX for more information.

___ lot numbers for the Recalled Lots are available on the Settlement Website.

**Who is Included?** You are a Settlement Class Member if you are a Person in the United States who purchased one or more canisters of ADEG that were manufactured as part of the Recalled Lots (see Long Form Notice at www.SettlementWebsite.com for details). The Recalled Lots are 99 lots included in the March 2016 voluntary product recall of ADEG conducted by NaturMed with the knowledge of the Food and Drug Administration. The

**If you purchased one or more canisters of All Day Energy Greens or All Day Energy Greens Fruity in 2014 or 2015, you could get benefits from a class action settlement.**

A Settlement has been reached with Bactolac Pharmaceutical, Inc. ("Bactolac"), NaturMed, Inc. (d/b/a Institute for Vibrant Living) ("NaturMed"), and Independent Vital Life, LLC ("IVL2") in a class action lawsuit about the sale of certain recalled lots of the dietary supplement All Day Energy Greens and All Day Energy Greens Fruity (collectively, "ADEG") in 2014 and 2015.

Legal Notice about a Class Action Settlement

Business Reply Mail Content

Postal Service: Do Not Mark or Cover Barcode

**www.SettlementWebsite.com**          **1-XXX-XXX-XXXX**

**What Are the Settlement Terms?** The Defendants have agreed to pay $1,725,000 into a Settlement Fund. Eligible Settlement Class Members will have the choice to claim a credit worth $10.00 toward purchase of any IVL2 product, which will remain valid for three years, or $5 cash. If, however, the number of claimants electing to receive the cash payment exceeds the $100,000 Alternative Payment Fund, then each Settlement Class Member electing a cash payment shall receive a pro rata share. If monies remain in the Alternative Payment Fund after payment of $5 to each Settlement Class Member electing a cash payment, the excess will be distributed pro rata to all such Settlement Class Members.

**How Can I Get a Payment?** To qualify for a Settlement payment or receive a Settlement Credit, you must complete and **submit a Claim Form by Month XX, 2022.** You may submit a Claim Form by returning the form attached to the postcard you received or the mail notifying you of this Settlement, or you may use the online Claim Form available at www.SettlementWebsite.com. Claim Forms are also available by calling 1-XXX-XXX-XXXX or by writing to: NaturMed/IVL Settlement Administrator, P.O. Box XXXX, Baton Rouge, LA 70821.

**Your Other Options.**

**Do Nothing:** If you do nothing, you will not get a payment or other benefits from this Settlement and you will give up certain legal rights allocated to Settlement Class Members.

**Opt-Out:** If you exclude yourself from the Settlement (opt-out), you will not get a payment or other settlement benefits. This is the only option that allows you to be part of any other lawsuit against the Released Parties, including the Settling Defendants, for the legal claims made in this lawsuit and released by the Settlement. You must mail your request for exclusion to the NaturMed/IVL Settlement Administrator postmarked no later than Month XX, 2022.

**Object:** You may also object to any part of this Settlement by writing to the Court with reasons why you do not agree with the Settlement. Objections must be mailed to Class Counsel and Defense Counsel and **postmarked no later than Month XX, 2022.**

Detailed instructions on how to exclude yourself or object to the Settlement are available on the Settlement Website.

**Has the Court approved the Settlement?** No. The Court will hold a Fairness Hearing at XX:XX a.m./p.m. on Month XX, 2022, aat the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. It will also consider whether to approve Class Counsel's request for an award of attorneys' fees and costs, as well as the class representative Plaintiffs' service awards. If there are objections, the Court will consider them. The Court may listen to people who have been asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement.

**How Do You Get More Information?** This notice is only a summary. To obtain a detailed information, find answers to common questions about the Settlement plus other information, including a copy of the Settlement Agreement, visit the Settlement Website.

# EXHIBIT C

**Lot Numbers Recalled**

1.  1406027    **7/10/14 (Copley Bacto 00001395)**
2.  1406028    **7/10/14 (Copley Bacto 00001417)**
3.  1406029    **7/22/14 (Copley Bacto 00001436)**
4.  1406030    **7/10/14 (Copley Bacto 00001456)**
5.  1406326    **7/25/14 (Copley Bacto 00001476)**
6.  1406327    **7/29/14 (Copley_Bacto_00010313)**
7.  1406328    **7/30/14 (Copley Bacto 00001496)**
8.  1406329    **8/5/14 (Copley Bacto 00001516)**
9.  1406330    **8/12/14 (Copley Bacto 00001536)**
10. 1406331    **8/12/14 (Copley Bacto 00001556)**
11. 1406332    **8/18/14 (Copley Bacto 00001576)**
12. 1406333    **8/18/14 (Copley Bacto 00001596)**
13. 1406334    **8/19/14 (Copley Bacto 00001616)**
14. 1406335    **8/19/14 (Copley_Bacto_00010333)**
15. 1406336    **8/26/14 (Copley Bacto 00001336)**
16. 1406337    **8/25/14 (Copley Bacto 00001656)**
17. 1406338    **8/25/14 (Copley Bacto 00001676)**
18. 1406339    **8/26/14 (Copley_Bacto_00010480)**
19. 1406340    **9/2/14 (Copley Bacto 00001695)**
20. 1406341    **9/2/14 (Copley Bacto 00001715)**
21. 1406398    **9/8/14 (Copley Bacto 00001735)**
22. 1406399    **9/10/14 (Copley Bacto 00001755)**
23. 1406400    **9/11/14 (Copley Bacto 00001774)**
24. 1406401    **10/10/14 (Copley Bacto 00001793)**
25. 1406402    **11/5/14 (Copley Bacto 00001812)**
26. 1406403    **11/5/14 (Copley Bacto 00001832)**
27. 1412322    **1/16/15 (Copley Bacto 00002660)**
28. 1412323    **1/16/15 (Copley Bacto 00002632)**
29. 1412324    **1/20/15 (Copley Bacto 00001938)**
30. 1412325    **1/21/15 (Copley Bacto 00002779)**
31. 1412326    **1/26/15 (Copley Bacto 00001211)**
32. 1412327    **2/3/15 (Copley Bacto 00001965)**
33. 1412328    **2/16/15(Copley Bacto 00002804)**
34. 1412329    **2/16/15 (Copley Bacto 00001992)**
35. 1412330    **2/18/15 (Copley Bacto 00002016)**
36. 1412331    **2/18/15 (Copley Bacto 00002043)**
37. 1412406    **3/2/15 (Copley Bacto 00002351)**
38. 1412407    **3/4/15 (Copley Bacto 00002377)**
39. 1412408    **3/24/15 (Copley_Bacto_00010527)**
40. 1412409    **3/30/15 (Copley Bacto 00002403)**
41. 1412410    **3/23/15 (Copley Bacto 00002430)**
42. 1412411    **3/30/15 (Copley Bacto 00002455)**
43. 1412412    **3/30/15 (Copley_Bacto_00010553)**
44. 1412413    **3/30/15 (Copley Bacto 00002479)**

45. 1501255     **4/13/15 (Copley Bacto 00002554)**
46. 1501256     **4/13/15 (Copley_Bacto_00010455)**
47. 1501257     **4/13/15 (Copley_Bacto_00010684)**
48. 1501258     **4/14/15 (Copley_Bacto_00010709)**
49. 1505189     **6/9/15 (Copley Bacto 00002505)**
50. 1501259     **5/1/15 (Copley_Bacto_00010734)**
51. 1501260     **5/1/15 (Copley Bacto 00002608)**
52. 1501261     **5/4/15 (Copley_Bacto_00010760)**
53. 1501262     **5/4/15 (Copley_Bacto_00010787)**
54. 1501263     **5/4/15 (Copley_Bacto_00010813)**
55. 1501264     **5/4/15 (Copley_Bacto_00010841)**
56. 1501265     **5/11/15 (Copley_Bacto_00010868)**
57. 1501266     **5/11/15 (Copley_Bacto_00010893)**
58. 1505190     **6/22/15 (Copley Bacto 00002530)**
59. 1505191     **6/22/15 (Copley Bacto 00002581)**
60. 1405460     **7/23/14 (Copley Bacto 00001236)**
61. 1405461     **7/21/14 (Copley Bacto 00001255)**
62. 1405462     **7/29/14 (Copley Bacto 00001275)**
63. 1405463     **7/31/14 (Copley Bacto 00001295)**
64. 1405464     **8/18/14 (Copley Bacto 00001315)**
65. 1405465     **8/18/14 (Copley Bacto 00001335)**
66. 1405466     **8/26/14 (Copley Bacto 00001355)**
67. 1405467     **8/19/14 (Copley Bacto 00001375)**
68. 1407114     **9/3/14 (Copley_Bacto_00010500)**
69. 1407115     **9/4/14 (Copley Bacto 00001852)**
70. 1407116     **9/4/14 (Copley Bacto 00001872)**
71. 1407117     **9/8/14 (Copley Bacto 00001892)**
72. 1407118     **10/28/14 (Copley Bacto 00001912)**
73. 1407119     **10/28/14 (Copley Bacto 00002685)**
74. 1412332     **1/5/15 (Copley Bacto 00002072)**
75. 1412333     **1/14/15 (Copley Bacto 00002101)**
76. 1412337     **1/30/15 (Copley Bacto 00002209)**
77. 1412334     **2/4/15 (Copley Bacto 00002128)**
78. 1412335     **2/10/15 (Copley Bacto 00002153)**
79. 1412336     **2/10/15 (Copley Bacto 00002181)**
80. 1412338     **3/10/15 (Copley Bacto 00002235)**
81. 1412339     **3/10/15 (Copley Bacto 00002262)**
82. 1412340     **3/10/15 (Copley Bacto 00002296)**
83. 1412341     **3/10/15 (Copley Bacto 00002324)**
84. 1412415     **3/24/15 (Copley_Bacto_00010578)**
85. 1412416     **4/6/15 (Copley_Bacto_00010606)**
86. 1412417     **4/6/15 (Copley_Bacto_00010353)**
87. 1412418     **4/6/15 (Copley_Bacto_00010379)**
88. 1412419     **4/6/15 (Copley_Bacto_00010407)**
89. 1412420     **4/6/15 (Copley_Bacto_00010632)**
90. 1412421     **4/6/15 (Copley_Bacto_00010433)**

91. 1505180      **6/9/15 (Copley_Bacto_00010969)**
92. 1412422      **4/15/15 (Copley_Bacto_00010656)**
93. 1502434      **4/28/15 (Copley_Bacto_00010916)**
94. 1502435      **4/28/15 (Copley_Bacto_00010943)**
95. 1505181      **6/15/15 (Copley Bacto 00002754)**
96. 1505182      **6/15/15 (Copley_Bacto_00011010)**
97. 1505183      **6/15/15 (Copley_Bacto_00011035)**
98. 1505184      **6/15/15 (Copley Bacto 00002729)**
99. 1505185      **6/15/15 (Copley Bacto 00002705)**

# EXHIBIT D

# COUPON SAVINGS BUCKS

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

$10 of any purchase

Good for one use only. Expires _____

COUPON CODE · **RS10D**

Independent Vital Life, LLC

Call 1-800-218-1379

www.independentvitallife.com

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES COPLEY, JASON EVANS, HUMBERTO GARCIA, LUZ ANGELINA GARCIA, JOAN MCDONALD, JOHN PETERSON, BETTY PRESSLEY, NATALIE ROBERTS, NORMAN SKARE, individually and as personal representative for BETTY SKARE, DAVID STONE, and KAYE WINK, individually and as next of kin of DONALD WINK, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>BACTOLAC PHARMACEUTICAL, INC.; NATURMED, INC. d/b/a INSTITUTE FOR VIBRANT LIVING; and INDEPENDENT VITAL LIFE, LLC,<br><br>      Defendants. | No.: 2:18-cv-00575-FB-PK<br><br>*Consolidated with*<br><br>No. 2:20-cv-01338-FB-PK |
| JEFFREY FARIS, ANTONIA HAMPTON, RAUL ROBLES, and KATHLEEN CANNON, Individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>BACTOLAC PHARMACEUTICAL, INC.; NATURMED, INC. d/b/a INSTITUTE FOR VIBRANT LIVING; and INDEPENDENT VITAL LIFE, LLC,<br><br>      Defendants. | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Plaintiffs Charles Copley, Jason Evans, Humberto Garcia, Luz Angelina Garcia, Joan McDonald, John Peterson, Natalie Roberts, Donald Skare, individually and as personal representative for Betty Skare, David Stone, Kaye Wink, individually and as next of kin of Donald

1

Wink, Jeffrey Faris, Antonia Hampton, Raul Robles, and Kathleen Cannon (hereafter, "Plaintiffs"), on behalf of themselves and the Settlement Class Members, and Defendants Bactolac Pharmaceutical, Inc., NaturMed, Inc., and Independent Vital Life, LLC (hereafter, "Settling Defendants"), by their respective counsel, have submitted a Settlement Agreement to this Court, and Plaintiffs have moved under Federal Rule of Civil Procedure 23(e) for an order: (1) preliminarily certifying the Settlement Class for purposes of settlement, and appointing Plaintiffs as class representatives and their counsel as Class Counsel; (2) preliminarily approving the Settlement; (3) approving the Notice Program; (4) appointing Postlethwaite & Netterville ("P&N") as Claims Administrator and directing it to commence the Notice Program; (5) providing legal authority pursuant to N.Y. C.P.L.R. § 1207 for legal representatives of absent Settlement Class Members to sign Claim Forms and releases on behalf of the Settlement Class Members they represent; and (6) scheduling a Final Approval Hearing to consider final approval of the settlement and any application for attorneys' fees, expenses, and Service Awards. The Court has considered the terms of the Settlement, the exhibits to the Settlement Agreement, the record of proceedings, and all papers and arguments submitted in support, and now finds that the motion should be, and hereby is, **GRANTED**.

### ACCORDINGLY, THE COURT FINDS AND ORDERS:

1.      This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Settling Defendants (the "Parties") for purposes of the Settlement.

2.      Capitalized terms not otherwise defined in this Order have the definitions set forth in the Settlement Agreement.

### SUMMARY OF THE LITIGATION AND SETTLEMENT

3.     On January 26, 2018, Plaintiffs filed a complaint on behalf of a putative nationwide class of consumers who purchased ADEG on or after July 1, 2014 that were manufactured and/or blended by Bactolac between January 1, 2014 and December 31, 2015, as well as putative statewide purchaser classes from Virginia, Texas, South Carolina, Alabama, Missouri, Wisconsin, Illinois, and Kentucky. Plaintiffs alleged violations of the Magnuson-Moss Warranty Act, state law consumer protection statutes, state law express and implied warranties, and common law theories of fraudulent concealment, negligent misrepresentation, and unjust enrichment. In addition to the Settling Defendants, Plaintiffs named two additional parties as defendants: HKW Capital Partners III, L.P., and William D. Ruble.

4.     On July 13, 2018, Plaintiffs filed an amended complaint alleging similar theories of harm. The amended complaint added Plaintiffs Jason Evans and Joan McDonald, sought certification of putative statewide California and Oregon classes, and did not name HKW Capital Partners III, L.P. or William D. Ruble as defendants.

5.     On July 27, 2018, Defendant NaturMed, Inc. ("NaturMed") answered the amended complaint and filed crossclaims against Defendant Bactolac Pharmaceutical, Inc. ("Bactolac"), alleging contractual indemnity, breach of contract, fraud, breach of express warranty, breach of implied warranty, and negligence causes of action. Defendant Independent Vital Life, LLC ("IVL2") filed an answer to the amended complaint on August 10, 2018. Bactolac did not file an answer to the amended complaint.

6.     On August 13, 2018, the Parties appeared for a conference before Magistrate Judge Kuo. At that time, Judge Kuo ordered discovery to commence pursuant to a joint proposed scheduling order. Judge Kuo also ordered the Parties to exchange discovery produced in a related

personal injury action captioned *Mooneyham v. NaturMed, Inc.*, No. 3:17-cv-162-CSC (E.D. Ala.). Discovery commenced in earnest soon thereafter.

7.     On November 30, 2018, Bactolac filed a motion to dismiss some, but not all, of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In particular, Bactolac did not move to dismiss the following claims pled in the amended complaint: (i) violation of the Arizona Consumer Fraud Act; (ii) fraudulent concealment; and (iii) negligent misrepresentation. Bactolac also moved to dismiss NaturMed's crossclaims pursuant to Federal Rule of Civil Procedure 12(c). These motions were fully briefed by February 28, 2019.

8.     Following the August 13, 2018 conference with the Court, the Parties engaged in significant discovery efforts, involving several sets of written discovery served by and on each party, voluminous document productions, regular status reports to Magistrate Judge Kuo, depositions of each Plaintiff as well as ten depositions of current or former Bactolac employees, one Rule 30(b)(6) deposition of Bactolac, five depositions of former NaturMed employees, and a deposition of the current owner of IVL2, for a total of 29 depositions. These depositions largely occurred in-person and across the country, from California to Long Island. After the onset of the COVID-19 pandemic, however, the Parties also conducted several depositions remotely using Zoom.

9.     On February 18, 2020, fact discovery closed in the *Copley* matter. Plaintiffs thereafter served two experts reports in support of class certification. On June 8, 2020, Bactolac served four expert reports in opposition to class certification and NaturMed served three expert reports in opposition to class certification. NaturMed also served two expert rebuttal reports on July 14, 2021.

10.     On March 12, 2020, Plaintiffs Jeffrey Faris, Antonia Hampton, Raul Robles, and Kathleen Cannon commenced a class action suit in this Court on behalf of a putative nationwide class of consumers who purchased one or more canisters of ADEG from one of the 99 Recalled Lots, as well as New York, Florida, Arizona, and Washington statewide purchaser classes. Plaintiffs alleged violations of state consumer protection laws, as well as common law claims of fraudulent concealment, negligent misrepresentation, and unjust enrichment. The allegations underlying the *Faris* complaint were substantially similar to those pled in the *Copley* complaint.

11.     On June 22, 2020, the *Faris* Plaintiffs filed an amended complaint alleging substantially similar claims on behalf of putative nationwide and statewide classes. On June 25, 2020, NaturMed filed an answer and crossclaims against Bactolac. IVL2 filed an answer on the same date. Bactolac did not file an answer, but instead requested a pre-motion conference seeking leave to file a motion to dismiss. On July 3, 2020, Plaintiffs filed a memorandum opposing Bactolac's request.

12.     On July 10, 2020, Plaintiffs filed a consent motion to consolidate the *Faris* matter with the *Copley* matter. After a hearing with Magistrate Judge Kuo on July 13, 2020, the Court granted the consent motion to consolidate and consolidated the *Copley* and *Faris* matters for pretrial proceedings.

13.     Defendants deposed Plaintiffs' class certification experts on August 7 and August 12, 2020. Plaintiffs deposed two of Bactolac's experts in opposition to class certification on September 3 and September 10, 2020.

14.     On September 23, 2020, Plaintiffs moved for class certification in the consolidated proceeding. Plaintiffs sought certification of putative nationwide and statewide consumer classes defined as all persons nationwide, or in a particular state, who purchased one or more canisters of

ADEG that were manufactured as part of the Recalled Lots. Each of the Settling Defendants filed a brief opposing Plaintiffs' motion on October 27, 2020. On December 7, 2020, Plaintiffs filed two separate reply briefs in support of their motion for class certification—one responding to arguments set forth by Bactolac and another responding to arguments set forth by NaturMed and IVL2.

15.     On October 26, 2020, Plaintiffs also moved pursuant to Federal Rule of Civil Procedure 37 to strike certain testimony of Bactolac's expert Kendal Hirschi, Ph.D., as well as certain testimony of Plaintiffs' expert, Damon P. Little, Ph.D. This motion was fully briefed on November 16, 2020.

16.     On November 23, 2020, Bactolac moved pursuant to Federal Rule of Evidence 702 to preclude the testimony of Plaintiffs' class certification experts Damon P. Little, Ph.D. and Charles Cowan, Ph.D. On the same date, NaturMed moved to exclude Dr. Cowan, as well as one of Bactolac's experts, James Lassiter. Plaintiffs also moved, on the same date, to exclude Mr. Lassiter, as well as Kendal D. Hirschi, Ph.D. On January 4, 2021, NaturMed withdrew its motion to exclude Plaintiffs' expert, Dr. Cowan. The remaining *Daubert* motions were fully briefed on January 4, 2021.

17.     In addition, in April 2020, NaturMed sought permission for leave to file a partial motion for summary judgment on its crossclaim against Bactolac for contractual indemnity. The Court granted such permission after a pre-motion conference conducted on October 26, 2020. By agreement of the parties, NaturMed filed a motion for partial summary judgment on December 21, 2020. The motion was fully briefed on February 23, 2021.

18.     On March 10, 2021, the Court ruled on Bactolac's motion for partial dismissal of the *Copley* complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for

judgment on the pleadings on NaturMed's crossclaims pursuant to Federal Rule of Civil Procedure 12(c). In particular, the Court granted Bactolac's motion to dismiss Plaintiffs' claims under New York General Business Law § 349, Section 17500 of California's Business and Professions Code, Missouri's implied warranty law, Virginia's Consumer Protection Act, Wisconsin's Deceptive Trade Act, and Plaintiffs' common law unjust enrichment claims. The Court denied Bactolac's motion in all other respects, including its motion to strike Plaintiffs' request for punitive damages. In addition, the Court granted Bactolac's Rule 12(c) motion with respect to NaturMed's crossclaims for fraud and negligence, but denied the motion with respect to the crossclaims for breach of contract, breach of express warranty, and breach of implied warranty.

19.    On March 25, 2021, the Court conducted a status conference and directed the Parties to consider participating in the Court's mediation program. The parties thereafter consented to participate in the Court's mediation program and agreed to the appointment of Joseph DiBenedetto of JDB Mediation LLC as mediator.

20.    On July 9, 2021, the Parties engaged in a full-day mediation at arms-length before Mr. DiBenedetto, at the conclusion of which the Parties reached an agreement in principle. They then spent the next several months negotiating the detailed written Settlement Agreement and exhibits that are now before the Court.

21.    The Settlement provides, among other things, that as consideration for the release from Settlement Class Members, the Settling Defendants will pay $1,725,000 in cash into a Settlement Fund and IVL2 will make available to the Settlement Class a total of $1,889,420 in Settlement Credits. From the cash settlement, the Claims Administrator will create a $100,000 Alternative Payment Fund. Each eligible Settlement Class Member will have the choice to receive

either a $10 Settlement Credit redeemable for any IVL2 product for up to three years or a $5 cash payment from the Alternative Payment Fund.

22.     The Settlement also provides for postcard Notice to be mailed directly to customers who purchased one or more canisters of ADEG from the Recalled Lots. Settlement Class Members will have the option to either return the postcard (at no charge) to file a claim or to proceed to the Settlement Website to file a claim online.

## PRELIMINARY APPROVAL

23.     Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the Court; (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the Court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the settling defendants obtain a release from liability. Fed. R. Civ. P. 23(e)(1)-(2), (4)-(5).

24.     In deciding whether to grant "preliminary approval" of a proposed settlement, the Court evaluates two issues: (1) whether "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, such that it makes sense to give notice to the proposed class members; and (2) whether "the court will likely be able to" certify the classes for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

**I.     The Court will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate."**

25.     This Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). The compromise of complex litigation is encouraged by the courts and reflects "that

judicial policy favors the settlement and compromise of class actions." *Dover v. British Airways, PLC*, 323 F. Supp. 3d 338, 349 (E.D.N.Y. 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005)). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).

26.     Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i)     the costs, risks, and delay of trial and appeal;
>>
>> (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii)   the terms of any proposed award of attorneys' fees, including timing of payment; and
>>
>> (iv)    any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

27.     Under this standard, the Court finds that it will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate," such that the Settlement, its terms

and conditions, including releases of the Released Parties, warrants preliminary approval and dissemination of notice to the Settlement Classes so that Settlement Class Members may express any objections to the Settlement or decide whether to opt out of the Settlement or participate in it. The Settlement appears at this preliminary approval stage to be procedurally fair, reasonable, and adequate in that the Plaintiffs and Class Counsel have adequately represented the Settlement Classes in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations between and among sophisticated counsel and under the auspices of a sophisticated mediator. Fed. R. Civ. P. 23(e)(2)(A)-(B).

28. Likewise, the Settlement appears at this preliminary approval stage to be substantively fair, reasonable, and adequate in that the relief provided is not insubstantial, particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). Here, Plaintiffs pursued a "full refund" theory of damages, the appropriateness of which Bactolac strongly contested. Assuming Plaintiffs prevailed on that theory, each class member would be eligible to seek, at most, $40 per canister of ADEG purchased from the Recalled Lots. The resolution proposed here provides class members with either 25% of the "full refund" value (if they choose Settlement Credit) or 12.5% of the "full refund" value (if they choose an Alternative Fund Payment). These are reasonable settlement values given the uncertainty of continued, protracted litigation.

29. The proposed method of distributing relief to Settlement Class Members is relatively streamlined, requiring, for almost all Class Members, submission of a simple Claim Form with basic identification information that will permit them to be matched to a customer appearing on the Recalled Lots Customer List. For nearly all Settlement Class Members, this is all

they must do, meaning most will not need to undertake the burden of submitting supporting eligibility documentation. Fed. R. Civ. P. 23(e)(2)(C).

30.    Attorneys' fees and case expenses will be paid only after Final Approval and only by approval of the Court, which will consider any request for fees in conjunction with Final Approval. Fed. R. Civ. P. 23(e)(2)(C). The Parties have represented that there is one agreement to be identified under Fed. R. Civ. P. 23(e)(3). *Id.*

31.    Finally, the proposal treats Settlement Class Members equitably relative to one another. Each eligible Settlement Class Member will have the exact same options: to obtain Settlement Credit or an Alternative Fund Payment. Fed. R. Civ. P. 23(e)(2)(D).

## II.    The Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement.

32.    In considering whether the Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court must determine whether the Settlement Class likely meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and any one of the subsections of Federal Rule of Civil Procedure 23(b), here subsection 23(b)(3).

33.    The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3) and that it will likely be able to certify the proposed Settlement Class, which is defined as: "all Persons in the United States who purchased one or more canisters of ADEG that were manufactured as part of the Recalled Lots, except for Excluded Persons."

34.    Additionally, the Court finds, for purposes of settlement only, that the Settlement Class is ascertainable because it is defined by objective criteria, *In re Petrobas Secs. Litig.*, 862

F.3d 250, 257 (2d Cir. 2017), and that it will likely be able to appoint Plaintiffs' Counsel as Class Counsel under Federal Rule of Civil Procedure 23(g).

35.    The Settlement Class, if certified in connection with Final Approval, shall be for settlement purposes only and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

36.    Accordingly, for settlement purposes only, the Court appoints the following Plaintiffs as Class Representatives for the Settlement Class: Charles Copley, Jason Evans, Humberto Garcia, Luz Angelina Garcia, Joan McDonald, John Peterson, Natalie Roberts, Donald Skare, individually and as personal representative for Betty Skare, David Stone, Kaye Wink, individually and as next of kin of Donald Wink, Jeffrey Faris, Antonia Hampton, Raul Robles, and Kathleen Cannon.

37.    The Court appoints, for settlement purposes only, James J. Bilsborrow as Class Counsel under Federal Rule of Civil Procedure 23(g)(3). Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

38.    Having found that (1) "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members; and (2) "the court will likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court hereby **GRANTS** preliminary approval to the Settlement.

**NOTICE TO THE SETTLEMENT CLASS**

39.    Upon granting preliminary approval under Federal Rule of Civil Procedure 23(e)(1), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

40.    The notice must clearly and concisely state in plain, easily understood language:

(i)    the nature of the action;

(ii)    the definition of the class certified;

(iii)    the class claims, issues, or defenses;

(iv)    that a class member may enter an appearance through an attorney if the member so desires;

(v)    that the court will exclude from the class any member who requests exclusion;

(vi)    the time and manner for requesting exclusion; and

(vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

41.    "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Wal-Mart Stores*, 396 F.3d at 114 (quotation omitted).

42.    The Court finds that the Notice Program, including the Short Form Notice that will be mailed to each individual appearing on the Recalled Lots Customer List, the Long Form Notice,

and the particulars of the Notice Program described in the Declaration of Bradley Madden Regarding Administration, satisfy these requirements and Due Process and constitute "the best notice that is practicable under the circumstances." The Court appoints P&N as Claims Administrator and directs that the Notice Program be implemented as set forth in the Settlement.

## SETTLEMENT OF CLAIMS OF INCOMPETENT AND DECEASED CLASS MEMBERS

43.     This Order provides authority pursuant to N.Y. C.P.L.R. § 1201 for legal representatives of absent incompetent or deceased Settlement Class Members to sign Claim Forms and releases on behalf of the Settlement Classes they represent. An Order from this Court finally approving the Settlement shall effectuate a settlement under N.Y. C.P.L.R. § 1207 for all absent incompetent Settlement Class Members.

44.     The legal representatives of deceased absent Settlement Class Members shall have authority to sign Claim Forms and releases on behalf of the absent Settlement Class Members they represent.

## PROCEDURES FOR REQUESTING EXCLUSION FROM OR OBJECTING TO THE SETTLEMENT

45.     A Settlement Class Member may request exclusion from the Settlement at any time prior to the Opt Out deadline, provided an opt-out notice is sent to the Claims Administrator in accordance with the procedures set forth in the Settlement Agreement. Any Settlement Class Member who elects to opt out of the Settlement shall not be entitled to receive any benefits conferred by the Settlement. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of the Settlement, including the Release.

46.     Objections to the Settlement, to the application for attorneys' fees and costs, and/or to the Service Award must be served on the Parties in accordance with the Settlement. Class

Counsel and/or the Settling Defendants may conduct limited discovery on any objector or objector's counsel consistent with the Federal Rules of Civil Procedure.

47.     Except for Settlement Class Members who have timely asserted an objection to the Settlement, all Settlement Class Members shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement.

## MOTION FOR FINAL APPROVAL, FEES, EXPENSES, AND SERVICE AWARDS

48.     Plaintiffs shall file their Motion for Final Approval of the Settlement, as well as Class Counsel's application for attorneys' fees and costs, for a Service Award to the Plaintiffs, and for all Settlement Administration Costs, no later than ninety days from the Notice Date. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and on Class Counsel's application for attorneys' fees and expenses, for the Service Award for the Plaintiffs, and for all Settlement Administration Costs.

## FINAL APPROVAL HEARING

49.     The Court will hold a Final Approval Hearing on _____, at _____ a.m./p.m., at the United States District Court for the Eastern District of New York, 225 Cadman Plaza E., Brooklyn, New York 11201, or by video conference or teleconference if determined by separate order, to assist the Court in determining whether to grant Final Approval to the Settlement, enter a Final Approval Order and Judgment, and grant any motions for fees, expenses, and the Service Award.

## OTHER PROVISIONS

50.     Class Counsel and counsel for the Settling Defendants are authorized to take, without further approval of the Court, all necessary and appropriate steps to implement the Settlement according to its terms, including implementing the Notice Program.

51.    Pending determination whether the Settlement Agreement should be granted Final Approval, further proceedings against the Settling Defendants are stayed in this Action, other than proceedings necessary to carry out or enforce the terms of the Settlement.

52.    The Settling Defendants shall serve the appropriate government officials with the notice required by 28 U.S.C. § 1715 within the time provided by statute.

53.    Without further orders of the Court, the Parties may agree to make non-material modifications to the Settlement Agreement (including the exhibits thereto) in implementing the Settlement that are not inconsistent with this Preliminary Approval Order, including making minor changes to the Settlement Agreement, to the form or content of the Short Form and Long Form Notice, or to any other exhibits that the Parties jointly agree in writing are reasonable or necessary.

54.    The Court shall retain jurisdiction over the Settlement Agreement and shall consider all further matters arising out of or connected with the Settlement.

## SCHEDULE OF DEADLINES

55.    The Court sets the following deadlines:

| Event | Date |
| --- | --- |
| Deadline for the Settling Defendants to pay $1,725,000 in cash into the Escrow Account | No later than 20 days from the date of this Order |
| Deadline for Claims Administrator to commence the Notice Program | No later than 30 days from the date of this Order |
| Commencement of the Enrollment Period | 30 days from the date of this Order |
| Opt Out Deadline | 60 days from the Notice Date |
| Objection Deadline | 60 days from the Notice Date |
| Deadline for filing a Motion for Final Approval and any petition for an award of attorneys' fees, costs, and Service Awards | 90 days from the Notice Date |

| Final Approval Hearing | _____ |
| | (approximately 120 days from the Notice Date, or when convenient for the Court) |

**SO ORDERED.**

Date: _____

_____
Hon. Frederic Block
U.S. District Judge