UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES COPLEY, JASON EVANS, HUMBERTO GARCIA, LUZ ANGELINA GARCIA, JOAN MCDONALD, JOHN PETERSON, BETTY PRESSLEY, NATALIE ROBERTS, NORMAN SKARE, individually and as personal representative for BETTY SKARE, DAVID STONE, and KAYE WINK, individually and as next of kin of DONALD WINK, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>BACTOLAC PHARMACEUTICAL, INC.; NATURMED, INC. d/b/a INSTITUTE FOR VIBRANT LIVING; and INDEPENDENT VITAL LIFE, LLC,<br><br>  Defendants. | No.: 2:18-cv-00575-FB-PK<br><br>*Consolidated with*<br><br>No. 2:20-cv-01338-FB-PK |
| JEFFREY FARIS, ANTONIA HAMPTON, RAUL ROBLES, and KATHLEEN CANNON, Individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>BACTOLAC PHARMACEUTICAL, INC.; NATURMED, INC. d/b/a INSTITUTE FOR VIBRANT LIVING; and INDEPENDENT VITAL LIFE, LLC,<br><br>  Defendants. | |

## PRELIMINARY APPROVAL ORDER

Plaintiffs Charles Copley, Jason Evans, Humberto Garcia, Luz Angelina Garcia, Joan McDonald, John Peterson, Natalie Roberts, Donald Skare, individually and as personal representative for Betty Skare, David Stone, Kaye Wink, individually and as next of kin of Donald

1

Wink, Jeffrey Faris, Antonia Hampton, Raul Robles, and Kathleen Cannon (hereafter, "Plaintiffs"), on behalf of themselves and the Settlement Class Members, and Defendants Bactolac Pharmaceutical, Inc., NaturMed, Inc., and Independent Vital Life, LLC (hereafter, "Settling Defendants"), by their respective counsel, have submitted a Settlement Agreement to this Court, and Plaintiffs have moved under Federal Rule of Civil Procedure 23(e) for an order: (1) preliminarily certifying the Settlement Class for purposes of settlement, and appointing Plaintiffs as class representatives and their counsel as Class Counsel; (2) preliminarily approving the Settlement; (3) approving the Notice Program; (4) appointing Postlethwaite & Netterville ("P&N") as Claims Administrator and directing it to commence the Notice Program; (5) providing legal authority pursuant to N.Y. C.P.L.R. § 1207 for legal representatives of absent Settlement Class Members to sign Claim Forms and releases on behalf of the Settlement Class Members they represent; and (6) scheduling a Final Approval Hearing to consider final approval of the settlement and any application for attorneys' fees, expenses, and Service Awards. The Court has considered the terms of the Settlement, the exhibits to the Settlement Agreement, the record of proceedings, and all papers and arguments submitted in support, and now finds that the motion should be, and hereby is, **GRANTED**.

ACCORDINGLY, THE COURT FINDS AND ORDERS:

1. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Settling Defendants (the "Parties") for purposes of the Settlement.

2. Capitalized terms not otherwise defined in this Order have the definitions set forth in the Settlement Agreement.

## SUMMARY OF THE LITIGATION AND SETTLEMENT

3. On January 26, 2018, Plaintiffs filed a complaint on behalf of a putative nationwide class of consumers who purchased ADEG on or after July 1, 2014 that were manufactured and/or blended by Bactolac between January 1, 2014 and December 31, 2015, as well as putative statewide purchaser classes from Virginia, Texas, South Carolina, Alabama, Missouri, Wisconsin, Illinois, and Kentucky. Plaintiffs alleged violations of the Magnuson-Moss Warranty Act, state law consumer protection statutes, state law express and implied warranties, and common law theories of fraudulent concealment, negligent misrepresentation, and unjust enrichment. In addition to the Settling Defendants, Plaintiffs named two additional parties as defendants: HKW Capital Partners III, L.P., and William D. Ruble.

4. On July 13, 2018, Plaintiffs filed an amended complaint alleging similar theories of harm. The amended complaint added Plaintiffs Jason Evans and Joan McDonald, sought certification of putative statewide California and Oregon classes, and did not name HKW Capital Partners III, L.P. or William D. Ruble as defendants.

5. On July 27, 2018, Defendant NaturMed, Inc. ("NaturMed") answered the amended complaint and filed crossclaims against Defendant Bactolac Pharmaceutical, Inc. ("Bactolac"), alleging contractual indemnity, breach of contract, fraud, breach of express warranty, breach of implied warranty, and negligence causes of action. Defendant Independent Vital Life, LLC ("IVL2") filed an answer to the amended complaint on August 10, 2018. Bactolac did not file an answer to the amended complaint.

6. On August 13, 2018, the Parties appeared for a conference before Magistrate Judge Kuo. At that time, Judge Kuo ordered discovery to commence pursuant to a joint proposed scheduling order. Judge Kuo also ordered the Parties to exchange discovery produced in a related

personal injury action captioned *Mooneyham v. NaturMed, Inc.*, No. 3:17-cv-162-CSC (E.D. Ala.). Discovery commenced in earnest soon thereafter.

7.  On November 30, 2018, Bactolac filed a motion to dismiss some, but not all, of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In particular, Bactolac did not move to dismiss the following claims pled in the amended complaint: (i) violation of the Arizona Consumer Fraud Act; (ii) fraudulent concealment; and (iii) negligent misrepresentation. Bactolac also moved to dismiss NaturMed's crossclaims pursuant to Federal Rule of Civil Procedure 12(c). These motions were fully briefed by February 28, 2019.

8.  Following the August 13, 2018 conference with the Court, the Parties engaged in significant discovery efforts, involving several sets of written discovery served by and on each party, voluminous document productions, regular status reports to Magistrate Judge Kuo, depositions of each Plaintiff as well as ten depositions of current or former Bactolac employees, one Rule 30(b)(6) deposition of Bactolac, five depositions of former NaturMed employees, and a deposition of the current owner of IVL2, for a total of 29 depositions. These depositions largely occurred in-person and across the country, from California to Long Island. After the onset of the COVID-19 pandemic, however, the Parties also conducted several depositions remotely using Zoom.

9.  On February 18, 2020, fact discovery closed in the *Copley* matter. Plaintiffs thereafter served two experts reports in support of class certification. On June 8, 2020, Bactolac served four expert reports in opposition to class certification and NaturMed served three expert reports in opposition to class certification. NaturMed also served two expert rebuttal reports on July 14, 2021.

4

10. On March 12, 2020, Plaintiffs Jeffrey Faris, Antonia Hampton, Raul Robles, and Kathleen Cannon commenced a class action suit in this Court on behalf of a putative nationwide class of consumers who purchased one or more canisters of ADEG from one of the 99 Recalled Lots, as well as New York, Florida, Arizona, and Washington statewide purchaser classes. Plaintiffs alleged violations of state consumer protection laws, as well as common law claims of fraudulent concealment, negligent misrepresentation, and unjust enrichment. The allegations underlying the *Faris* complaint were substantially similar to those pled in the *Copley* complaint.

11. On June 22, 2020, the *Faris* Plaintiffs filed an amended complaint alleging substantially similar claims on behalf of putative nationwide and statewide classes. On June 25, 2020, NaturMed filed an answer and crossclaims against Bactolac. IVL2 filed an answer on the same date. Bactolac did not file an answer, but instead requested a pre-motion conference seeking leave to file a motion to dismiss. On July 3, 2020, Plaintiffs filed a memorandum opposing Bactolac's request.

12. On July 10, 2020, Plaintiffs filed a consent motion to consolidate the *Faris* matter with the *Copley* matter. After a hearing with Magistrate Judge Kuo on July 13, 2020, the Court granted the consent motion to consolidate and consolidated the *Copley* and *Faris* matters for pretrial proceedings.

13. Defendants deposed Plaintiffs' class certification experts on August 7 and August 12, 2020. Plaintiffs deposed two of Bactolac's experts in opposition to class certification on September 3 and September 10, 2020.

14. On September 23, 2020, Plaintiffs moved for class certification in the consolidated proceeding. Plaintiffs sought certification of putative nationwide and statewide consumer classes defined as all persons nationwide, or in a particular state, who purchased one or more canisters of

ADEG that were manufactured as part of the Recalled Lots. Each of the Settling Defendants filed a brief opposing Plaintiffs' motion on October 27, 2020. On December 7, 2020, Plaintiffs filed two separate reply briefs in support of their motion for class certification—one responding to arguments set forth by Bactolac and another responding to arguments set forth by NaturMed and IVL2.

15. On October 26, 2020, Plaintiffs also moved pursuant to Federal Rule of Civil Procedure 37 to strike certain testimony of Bactolac's expert Kendal Hirschi, Ph.D., as well as certain testimony of Plaintiffs' expert, Damon P. Little, Ph.D. This motion was fully briefed on November 16, 2020.

16. On November 23, 2020, Bactolac moved pursuant to Federal Rule of Evidence 702 to preclude the testimony of Plaintiffs' class certification experts Damon P. Little, Ph.D. and Charles Cowan, Ph.D. On the same date, NaturMed moved to exclude Dr. Cowan, as well as one of Bactolac's experts, James Lassiter. Plaintiffs also moved, on the same date, to exclude Mr. Lassiter, as well as Kendal D. Hirschi, Ph.D. On January 4, 2021, NaturMed withdrew its motion to exclude Plaintiffs' expert, Dr. Cowan. The remaining *Daubert* motions were fully briefed on January 4, 2021.

17. In addition, in April 2020, NaturMed sought permission for leave to file a partial motion for summary judgment on its crossclaim against Bactolac for contractual indemnity. The Court granted such permission after a pre-motion conference conducted on October 26, 2020. By agreement of the parties, NaturMed filed a motion for partial summary judgment on December 21, 2020. The motion was fully briefed on February 23, 2021.

18. On March 10, 2021, the Court ruled on Bactolac's motion for partial dismissal of the *Copley* complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for

6

judgment on the pleadings on NaturMed's crossclaims pursuant to Federal Rule of Civil Procedure 12(c). In particular, the Court granted Bactolac's motion to dismiss Plaintiffs' claims under New York General Business Law § 349, Section 17500 of California's Business and Professions Code, Missouri's implied warranty law, Virginia's Consumer Protection Act, Wisconsin's Deceptive Trade Act, and Plaintiffs' common law unjust enrichment claims. The Court denied Bactolac's motion in all other respects, including its motion to strike Plaintiffs' request for punitive damages. In addition, the Court granted Bactolac's Rule 12(c) motion with respect to NaturMed's crossclaims for fraud and negligence, but denied the motion with respect to the crossclaims for breach of contract, breach of express warranty, and breach of implied warranty.

19. On March 25, 2021, the Court conducted a status conference and directed the Parties to consider participating in the Court's mediation program. The parties thereafter consented to participate in the Court's mediation program and agreed to the appointment of Joseph DiBenedetto of JDB Mediation LLC as mediator.

20. On July 9, 2021, the Parties engaged in a full-day mediation at arms-length before Mr. DiBenedetto, at the conclusion of which the Parties reached an agreement in principle. They then spent the next several months negotiating the detailed written Settlement Agreement and exhibits that are now before the Court.

21. The Settlement provides, among other things, that as consideration for the release from Settlement Class Members, the Settling Defendants will pay $1,725,000 in cash into a Settlement Fund and IVL2 will make available to the Settlement Class a total of $1,889,420 in Settlement Credits. From the cash settlement, the Claims Administrator will create a $100,000 Alternative Payment Fund. Each eligible Settlement Class Member will have the choice to receive

either a $10 Settlement Credit redeemable for any IVL2 product for up to three years or a $5 cash payment from the Alternative Payment Fund.

22.     The Settlement also provides for postcard Notice to be mailed directly to customers who purchased one or more canisters of ADEG from the Recalled Lots. Settlement Class Members will have the option to either return the postcard (at no charge) to file a claim or to proceed to the Settlement Website to file a claim online.

## PRELIMINARY APPROVAL

23.     Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the Court; (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the Court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the settling defendants obtain a release from liability. Fed. R. Civ. P. 23(e)(1)-(2), (4)-(5).

24.     In deciding whether to grant "preliminary approval" of a proposed settlement, the Court evaluates two issues: (1) whether "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, such that it makes sense to give notice to the proposed class members; and (2) whether "the court will likely be able to" certify the classes for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

**I.      The Court will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate."**

25.     This Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). The compromise of complex litigation is encouraged by the courts and reflects "that

8

judicial policy favors the settlement and compromise of class actions." *Dover v. British Airways, PLC*, 323 F. Supp. 3d 338, 349 (E.D.N.Y. 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005)). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).

26. Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

27. Under this standard, the Court finds that it will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate," such that the Settlement, its terms

and conditions, including releases of the Released Parties, warrants preliminary approval and dissemination of notice to the Settlement Classes so that Settlement Class Members may express any objections to the Settlement or decide whether to opt out of the Settlement or participate in it. The Settlement appears at this preliminary approval stage to be procedurally fair, reasonable, and adequate in that the Plaintiffs and Class Counsel have adequately represented the Settlement Classes in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations between and among sophisticated counsel and under the auspices of a sophisticated mediator. Fed. R. Civ. P. 23(e)(2)(A)-(B).

28. Likewise, the Settlement appears at this preliminary approval stage to be substantively fair, reasonable, and adequate in that the relief provided is not insubstantial, particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). Here, Plaintiffs pursued a "full refund" theory of damages, the appropriateness of which Bactolac strongly contested. Assuming Plaintiffs prevailed on that theory, each class member would be eligible to seek, at most, $40 per canister of ADEG purchased from the Recalled Lots. The resolution proposed here provides class members with either 25% of the "full refund" value (if they choose Settlement Credit) or 12.5% of the "full refund" value (if they choose an Alternative Fund Payment). These are reasonable settlement values given the uncertainty of continued, protracted litigation.

29. The proposed method of distributing relief to Settlement Class Members is relatively streamlined, requiring, for almost all Class Members, submission of a simple Claim Form with basic identification information that will permit them to be matched to a customer appearing on the Recalled Lots Customer List. For nearly all Settlement Class Members, this is all

they must do, meaning most will not need to undertake the burden of submitting supporting eligibility documentation. Fed. R. Civ. P. 23(e)(2)(C).

30. Attorneys' fees and case expenses will be paid only after Final Approval and only by approval of the Court, which will consider any request for fees in conjunction with Final Approval. Fed. R. Civ. P. 23(e)(2)(C). The Parties have represented that there is one agreement to be identified under Fed. R. Civ. P. 23(e)(3). *Id.*

31. Finally, the proposal treats Settlement Class Members equitably relative to one another. Each eligible Settlement Class Member will have the exact same options: to obtain Settlement Credit or an Alternative Fund Payment. Fed. R. Civ. P. 23(e)(2)(D).

## II. The Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement.

32. In considering whether the Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court must determine whether the Settlement Class likely meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and any one of the subsections of Federal Rule of Civil Procedure 23(b), here subsection 23(b)(3).

33. The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3) and that it will likely be able to certify the proposed Settlement Class, which is defined as: "all Persons in the United States who purchased one or more canisters of ADEG that were manufactured as part of the Recalled Lots, except for Excluded Persons."

34. Additionally, the Court finds, for purposes of settlement only, that the Settlement Class is ascertainable because it is defined by objective criteria, *In re Petrobas Secs. Litig.*, 862

F.3d 250, 257 (2d Cir. 2017), and that it will likely be able to appoint Plaintiffs' Counsel as Class Counsel under Federal Rule of Civil Procedure 23(g).

35. The Settlement Class, if certified in connection with Final Approval, shall be for settlement purposes only and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

36. Accordingly, for settlement purposes only, the Court appoints the following Plaintiffs as Class Representatives for the Settlement Class: Charles Copley, Jason Evans, Humberto Garcia, Luz Angelina Garcia, Joan McDonald, John Peterson, Natalie Roberts, Donald Skare, individually and as personal representative for Betty Skare, David Stone, Kaye Wink, individually and as next of kin of Donald Wink, Jeffrey Faris, Antonia Hampton, Raul Robles, and Kathleen Cannon.

37. The Court appoints, for settlement purposes only, James J. Bilsborrow as Class Counsel under Federal Rule of Civil Procedure 23(g)(3). Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

38. Having found that (1) "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members; and (2) "the court will likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court hereby **GRANTS** preliminary approval to the Settlement.

## NOTICE TO THE SETTLEMENT CLASS

39. Upon granting preliminary approval under Federal Rule of Civil Procedure 23(e)(1), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

40. The notice must clearly and concisely state in plain, easily understood language:

   (i) the nature of the action;

   (ii) the definition of the class certified;

   (iii) the class claims, issues, or defenses;

   (iv) that a class member may enter an appearance through an attorney if the member so desires;

   (v) that the court will exclude from the class any member who requests exclusion;

   (vi) the time and manner for requesting exclusion; and

   (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

41. "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Wal-Mart Stores*, 396 F.3d at 114 (quotation omitted).

42. The Court finds that the Notice Program, including the Short Form Notice that will be mailed to each individual appearing on the Recalled Lots Customer List, the Long Form Notice,

13

and the particulars of the Notice Program described in the Declaration of Bradley Madden Regarding Administration, satisfy these requirements and Due Process and constitute "the best notice that is practicable under the circumstances." The Court appoints P&N as Claims Administrator and directs that the Notice Program be implemented as set forth in the Settlement.

## SETTLEMENT OF CLAIMS OF INCOMPETENT AND DECEASED CLASS MEMBERS

43. This Order provides authority pursuant to N.Y. C.P.L.R. § 1201 for legal representatives of absent incompetent or deceased Settlement Class Members to sign Claim Forms and releases on behalf of the Settlement Classes they represent. An Order from this Court finally approving the Settlement shall effectuate a settlement under N.Y. C.P.L.R. § 1207 for all absent incompetent Settlement Class Members.

44. The legal representatives of deceased absent Settlement Class Members shall have authority to sign Claim Forms and releases on behalf of the absent Settlement Class Members they represent.

## PROCEDURES FOR REQUESTING EXCLUSION FROM OR OBJECTING TO THE SETTLEMENT

45. A Settlement Class Member may request exclusion from the Settlement at any time prior to the Opt Out deadline, provided an opt-out notice is sent to the Claims Administrator in accordance with the procedures set forth in the Settlement Agreement. Any Settlement Class Member who elects to opt out of the Settlement shall not be entitled to receive any benefits conferred by the Settlement. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of the Settlement, including the Release.

46. Objections to the Settlement, to the application for attorneys' fees and costs, and/or to the Service Award must be served on the Parties in accordance with the Settlement. Class

14

Counsel and/or the Settling Defendants may conduct limited discovery on any objector or objector's counsel consistent with the Federal Rules of Civil Procedure.

47. Except for Settlement Class Members who have timely asserted an objection to the Settlement, all Settlement Class Members shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement.

## MOTION FOR FINAL APPROVAL, FEES, EXPENSES, AND SERVICE AWARDS

48. Plaintiffs shall file their Motion for Final Approval of the Settlement, as well as Class Counsel's application for attorneys' fees and costs, for a Service Award to the Plaintiffs, and for all Settlement Administration Costs, no later than ninety days from the Notice Date. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and on Class Counsel's application for attorneys' fees and expenses, for the Service Award for the Plaintiffs, and for all Settlement Administration Costs.

## FINAL APPROVAL HEARING

49. The Court will hold a Final Approval Hearing on ___May 19, 2022___, at ___3:00___ p.m., at the United States District Court for the Eastern District of New York, 225 Cadman Plaza E., Brooklyn, New York 11201, or by video conference or teleconference if determined by separate order, to assist the Court in determining whether to grant Final Approval to the Settlement, enter a Final Approval Order and Judgment, and grant any motions for fees, expenses, and the Service Award.

## OTHER PROVISIONS

50. Class Counsel and counsel for the Settling Defendants are authorized to take, without further approval of the Court, all necessary and appropriate steps to implement the Settlement according to its terms, including implementing the Notice Program.

15

51. Pending determination whether the Settlement Agreement should be granted Final Approval, further proceedings against the Settling Defendants are stayed in this Action, other than proceedings necessary to carry out or enforce the terms of the Settlement.

52. The Settling Defendants shall serve the appropriate government officials with the notice required by 28 U.S.C. § 1715 within the time provided by statute.

53. Without further orders of the Court, the Parties may agree to make non-material modifications to the Settlement Agreement (including the exhibits thereto) in implementing the Settlement that are not inconsistent with this Preliminary Approval Order, including making minor changes to the Settlement Agreement, to the form or content of the Short Form and Long Form Notice, or to any other exhibits that the Parties jointly agree in writing are reasonable or necessary.

54. The Court shall retain jurisdiction over the Settlement Agreement and shall consider all further matters arising out of or connected with the Settlement.

## SCHEDULE OF DEADLINES

55. The Court sets the following deadlines:

| Event | Date |
| --- | --- |
| Deadline for the Settling Defendants to pay $1,725,000 in cash into the Escrow Account | No later than 20 days from the date of this Order |
| Deadline for Claims Administrator to commence the Notice Program | No later than 30 days from the date of this Order |
| Commencement of the Enrollment Period | 30 days from the date of this Order |
| Opt Out Deadline | 60 days from the Notice Date |
| Objection Deadline | 60 days from the Notice Date |
| Deadline for filing a Motion for Final Approval and any petition for an award of attorneys' fees, costs, and Service Awards | 90 days from the Notice Date |

16

| Final Approval Hearing | May 19, 2022 @ 3:00 PM |
| --- | --- |
| | (approximately 120 days from the Notice Date, or when convenient for the Court) |

**SO ORDERED.**

Date: __1-10-2022__

                                                /S/ Frederic Block
                                        Hon. Frederic Block
                                        U.S. District Judge