UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES COPLEY, JASON EVANS, HUMBERTO GARCIA, LUZ ANGELINA GARCIA, JOAN MCDONALD, JOHN PETERSON, BETTY PRESSLEY, NATALIE ROBERTS, NORMAN SKARE, individually and as personal representative for BETTY SKARE, DAVID STONE, and KAYE WINK, individually and as next of kin of DONALD WINK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>BACTOLAC PHARMACEUTICAL, INC.; NATURMED, INC. d/b/a INSTITUTE FOR VIBRANT LIVING; and INDEPENDENT VITAL LIFE, LLC,<br><br>Defendants. | No.: 2:18-cv-00575-FB-PK<br><br>*Consolidated with*<br><br>No. 2:20-cv-01338-FB-PK |
| JEFFREY FARIS, ANTONIA HAMPTON, RAUL ROBLES, and KATHLEEN CANNON, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>BACTOLAC PHARMACEUTICAL, INC.; NATURMED, INC. d/b/a INSTITUTE FOR VIBRANT LIVING; and INDEPENDENT VITAL LIFE, LLC,<br><br>Defendants. | |

**ORDER GRANTING FINAL APPROVAL TO THE SETTLEMENT, CONFIRMING CERTIFICATION OF THE SETTLEMENT CLASS, GRANTING PLAINTIFFS' AMENDED APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT**

Plaintiffs Charles Copley, Jason Evans, Humberto Garcia, Luz Angelina Garcia, Joan McDonald, John Peterson, Natalie Roberts, Donald Skare, individually and as personal

representative for Betty Skare, David Stone, Kaye Wink, individually and as next of kin of Donald Wink, Jeffrey Faris, Antonia Hampton, Raul Robles, and Kathleen Cannon (hereafter, "Plaintiffs"), on behalf of themselves and the Settlement Class Members, and Defendants Bactolac Pharmaceutical, Inc., NaturMed, Inc., and Independent Vital Life, LLC (hereafter, "Settling Defendants"), by their respective counsel, have entered into a Settlement Agreement, subject to preliminary and final approval by this Court.[1] The Settlement Agreement sets forth the terms and conditions of a proposed Settlement that, *inter alia*, resolves claims on behalf of a proposed nationwide Settlement Class and allows for the Action to be dismissed with prejudice.

By Order dated January 10, 2022 (the "Preliminary Approval Order"), this Court: (1) preliminarily approved the Settlement; (2) preliminarily certified the proposed Settlement Class for settlement purposes only; (3) determined that the Notice Program satisfied due process and the requirements of Fed. R. Civ. P. 23, and directed that Notice be provided to the Settlement Class; (4) appointed Postlethwaite & Netterville ("P&N") as the Claims Administrator; (5) ordered that legal representatives of absent incompetent or deceased Settlement Class Members could lawfully sign Claim Forms and releases on behalf of the Settlement Class Members they represent pursuant to NY C.P.L.R. §§ 1201 and 1207; (6) advised of the opportunity to object to the proposed Settlement; (7) provided Settlement Class Members with the opportunity to exclude themselves from the proposed Settlement Class; (9) appointed Plaintiffs as Class Representatives and their counsel, James J. Bilsborrow, as Class Counsel; and (10) scheduled a hearing to determine whether to grant final approval to the Settlement. (Dkt. 248.)

---

[1] Capitalized terms used in this Order and otherwise not defined shall have the meaning assigned to such terms by the Settlement Agreement.

On April 29, 2022, Plaintiffs' counsel notified the Court that they had received one objection to the Settlement. (Dkt. 249.) On May 16, 2022, Plaintiffs submitted their Motion for Final Approval of the Class Settlement, Certification of the Settlement Class, and Approval of Attorneys' Fees, Expenses, and Service Awards. (Dkt. 251.) As part of this submission, the Claims Administrator informed the Court that it had received a request from only one class member to opt out of the Settlement. (Dkt. 253 ¶ 22.) One day before the final approval hearing, the United States filed a Statement of Interest objecting to the Settlement. (Dkt. 258.) The same day, Plaintiffs moved to strike the Statement of Interest as untimely filed. (Dkt. 260.) Plaintiffs also filed an opposition to the United States' Statement of Interest. (Dkt. 262.)

On May 19, 2022, the Court conducted a final approval hearing to consider, *inter alia*, whether: (1) the terms and conditions of the Settlement are fair, reasonable, and adequate, as required by Fed. R. Civ. P. 23(e), and therefore merit approval by the Court; (2) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (3) final judgment should be entered dismissing the Action with prejudice; and (4) Plaintiffs' motion for approval of attorneys' fees, expenses, and service awards should be granted. During the hearing, counsel for objector James Henson appeared and presented his objection. In addition, counsel for the United States presented its argument that the Settlement should not be approved because (i) it purportedly directs disproportionate benefits to Class Counsel and (ii) the Class Representative service awards purportedly provide too great a benefit to the Class Representatives. At the conclusion of the final approval hearing, the Court took Plaintiffs' motion and the arguments of the objectors under advisement.

After the final approval hearing, the United States submitted a Motion to Supplement (Dkt. 265), in which it argued that the Settlement did not carry a presumption of substantive fairness

despite the participation in negotiations of a court-appointed mediator. (Dkt. 265.) Plaintiffs opposed the United States' Motion to Supplement. (Dkt. 266.)

On March 13, 2023, the Court issued a Memorandum Decision and Order resolving the motions that were pending for disposition. (Dkt. 268.) First, the Court denied Plaintiffs' motion to strike the United States' Statement of Interest. (*Id.* at 17.) Next, the Court granted the United States' motion to supplement its Statement of Interest. (*Id.*) The Court then granted Plaintiffs' Motion for Final Approval in part and denied the Motion in part. In particular, the Court granted the motion to approve the Settlement and to grant final certification to the Class, and also granted Plaintiffs' Motion to approve service awards to the Class Representatives, but denied without prejudice Plaintiffs' motion for approval of the proposed award of attorneys' fees. (*Id.* at 39.) The Court also denied the objection of James Henson. (*Id.* at 15.)

Plaintiffs thereafter filed a Revised Motion for Final Approval of the Settlement and An Award of Attorneys' Fees, Costs, and Service Awards. Along with their Revised Motion for Final Approval, Plaintiffs submitted an Addendum to the Class Settlement Agreement and Release, which provided modifications to the Settlement Agreement that reflect the guidance set forth in the Court's March 13, 2023 Memorandum and Order. The Court has reviewed and considered the Settlement Agreement and the Addendum thereto, as well as Plaintiffs' Revised Motion for Final Approval and all papers filed and proceedings held herein in connection with the Settlement, and good cause appearing therefor, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. **Jurisdiction**: The Court has personal jurisdiction over all Plaintiffs, the Class, and Defendants Bactolac Pharmaceutical, Inc. ("Bactolac"), NaturMed, Inc. ("NaturMed"), and Independent Vital Life LLC ("IVL2") for purposes of the Settlement. The Court has subject matter

jurisdiction over the claims asserted in this Action. Venue in the Eastern District of New York is proper.

2. **<u>Incorporation of Settlement Documents</u>**: The Court expressly incorporates in this Final Approval Order and makes a part hereof the Settlement Agreement and Exhibits, and the Addendum to the Class Settlement Agreement. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 380-82 (1994), concerning the obligation of a court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

## FINAL APPROVAL OF THE CLASS SETTLEMENT

3. For the reasons set forth in the Court's March 13, 2023 Memorandum and Order (Dkt. 268), the Court hereby grants final approval to the Settlement Agreement, finding the Settlement Agreement in its entirety to be fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The Settlement Agreement provides reasonable benefits to the Class and avoids continued, protracted litigation between the Parties. The Court finds that the Settlement Agreement, with respect to Class Members who lack capacity, are incompetent, or are deceased, is fair, reasonable, and adequate.

4. In determining that the Settlement is fair, reasonable, and adequate, and that it merits approval, the Court has assessed the considerations set forth in Fed. R. Civ. P. 23(e)(2), as well as the factors set forth by the Second Circuit Court of Appeals in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). *See also* Memorandum and Order of March 13, 2023 (Dkt. 268).

5. The Court finds that Plaintiffs and Class Counsel have adequately represented the Class. Fed. R. Civ. P. 23(e)(2)(A). *See also* Memorandum and Order of March 13, 2023 (Dkt. 268). The Court hereby confirms appointment of the Class Representatives and Class Counsel.

6. The Court also finds that the Claims Administrator has ably implemented the Settlement and administered the Notice Program. The Court hereby confirms appointment of P&N as the Claims Administrator in the Settlement.

7. The Parties have complied with Fed. R. Civ. P. 23(e)(3) by identifying the existence of one confidential agreement, in addition to the Settlement Agreement, made in connection with the proposed Settlement. (*See* Dkt. 247-2 § 17.) The agreement, as provided in Section 17 of the Settlement, was not implicated because only one Class Member requested to opt out of the Settlement.

## CERTIFICATION OF THE SETTLEMENT CLASSES

8. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court grants final certification to the Settlement Class for purposes of settlement only. The Settlement Class is defined as follows:

> All Persons in the United States who purchased one or more canisters of ADEG that were manufactured as part of the Recalled Lots, except for Excluded Persons.

9. The Court finds, for settlement purposes only, that the Settlement Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3)—namely, (a) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (b) the Settlement Class raises common questions of law and fact; (c) Plaintiffs' claims are typical of those of the Settlement Class Members; (d) Plaintiffs and Plaintiffs' counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (e) questions of law and fact common to the Settlement Class predominate over questions affecting only individual Settlement Class Members, and certification of the Settlement

Class is superior to other available methods for the fair and efficient adjudication of this controversy.

10. **Requests to Opt Out of the Settlement**: The Claims Administrator received one valid opt-out request. Pursuant to the Court's Order, Class Counsel shall provide this Opt-Out claimant with a limited opportunity to opt back in to the Settlement.

## SUPPLEMENTAL NOTICE IS NOT REQUIRED

11. The Court previously ruled that the Notice Program satisfied due process and the requirements of Fed. R. Civ. P. 23. Although certain terms of the Settlement Agreement have been modified by the Addendum to the Class Settlement Agreement and Release, the Court finds that supplemental class notice is not warranted. The modifications to the Settlement provide additional benefits to Class members who elected an Alternative Payment; the modifications do not prejudice any Class member or impair any Class member's rights. *See, e.g.*, *Davis v. Eastman Kodak Co.*, No. 04-CV-6098, 2010 WL 11558014, at *20 (W.D.N.Y. Sept. 3, 2010) (finding that supplemental notice is not required where modification to settlement would only benefit class members); *see also In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1111 (10th Cir. 2001) (supplemental notice not required when settlement modification "merely expanded the rights of class members"); *In re Diet Drugs Prods. Liab. Litig.,* No. 99–20593, 2010 WL 2735414, at *6 (E.D. Pa. July 2, 2010) (supplemental notice required only when modification to settlement "would have a material adverse effect on the rights of class members").

12. The Court finds that the modifications to the Settlement, which provide additional benefits to Settlement Class members, should be presented to the Class member who elected to opt out of the Settlement, and an opportunity allowed for that Class member to rescind their opt-out request if they so choose. *See Knuckles v. Elliott*, No. CV 15-10175, 2016 WL 3912816, at *5

(E.D. Mich. July 20, 2016) (directing "the parties to provide the one individual who chose to opt-out of the Class with notice of the modification and an opportunity to rejoin the Class"). Within seven days of this Order, the Court directs the Claims Administrator to provide supplemental notice to the Class member who elected to opt out of the Settlement and to thereafter file a declaration attesting that such notice was provided. *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 313-14 (D.D.C. 2015) (explaining that the court maintains the authority to require supplemental notice when appropriate). The supplemental notice shall make clear that the cash available in the Alternative Payment Fund has been increased and indicate that the opt-out claimant must decide whether to opt in to the Settlement within twenty-one days from the time notice is sent. Failure to opt in within this time period shall forfeit any and all rights to the benefits of the Settlement.

13. The Court further finds that each of the Defendants has complied with and otherwise discharged its obligations under the Class Action Fairness Act, 28 U.S.C. § 1715(b).

**ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS**

14. Plaintiffs' counsel has requested an attorneys' fee award of $847,087.80. For the reasons set forth in the Court's March 13, 2023 Memorandum and Decision (Dkt. 268), and in light of the factors set forth by the Second Circuit in *Goldberger*, the Court finds that this fee request is reasonable and hereby grants the request.

15. **Reasonableness of the Cost Reimbursement Request**: "Courts routinely note that counsel is entitled to reimbursement from the common fund for reasonable litigation expenses." *Fleisher v. Phoenix Life Ins. Co.*, Nos. 11-cv-8405 (CM), 14-cv-8714 (CM), 2015 WL 10847814, at *23 (S.D.N.Y. Sept. 9, 2015) (internal quotations omitted). The cost reimbursement requested by Class Counsel—$210,136.00—reflects expenses typically billed by attorneys to paying clients in the marketplace and includes expert witness expenses, costs associated with document

production and storage, deposition expenses, and travel in connection with litigation. Further, there were no objections to the Plaintiffs' cost reimbursement request. *See* March 13, 2023 Memorandum and Decision (Dkt. 268). The Court finds that the expenses incurred in the Action are reasonable.

16. **Settlement Administration Costs**: The Settlement allows for reimbursement of Settlement Administration Costs up to $325,000. The Court finds that the Settlement Administration Costs are reasonable and warrant approval.

17. **Approval of Service Awards**: Plaintiffs have requested incentive awards for each Class Representative of $5,000. For the reasons set forth in the Court's March 13, 2023 Memorandum and Order, these requested incentive awards are reasonable and warranted under the facts of this case. (Dkt. 268.) The Court accordingly grants the request for incentive awards.

**RELEASE, DISMISSAL, AND ENTRY OF FINAL JUDGMENT AS TO THE SETTLING DEFENDANTS**

18. **Release, Covenant Not to Sue, and Permanent Injunction**: The Court finds that the Release set forth in Section 6 of the Settlement Agreement is valid and enforceable. The Release is given pursuant to New York law and shall be construed under New York law. The Release is effective as of the Effective Date. Each of the Releasing Parties (whether or not the Releasing Party objected, submitted a Claim Form, or otherwise participated in the Action, the Settlement, or the approval process) and NaturMed shall be bound by the terms and provisions of the Settlement Agreement and this Order, including the Release and Covenant Not to Sue provisions set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Order.

19. **Dismissals**: In consideration of the benefits provided under the Settlement Agreement, all Released Claims by or on behalf of the Class, Plaintiffs, or any and all Settlement

Class Members against any and all Released Parties, are hereby dismissed with prejudice, including all claims in the Complaint asserted against the Defendants and the cross-claims asserted by NaturMed against Bactolac. These claims are dismissed with prejudice without further cost, including claims for interest, penalties, costs, and attorneys' fees (except as otherwise provided for in the Settlement Agreement).

20. **Retention of Jurisdiction**: Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction (i) over the Parties, the Settlement Class Members, and the Settlement Agreement, to interpret, implement, administer and enforce the Settlement Agreement in accordance with its terms; (ii) for all matters relating to the Settlement Agreement and the Action pending before the Court, (iii) to administer and enforce the terms of this Order, and (iv) for any other necessary purpose.

21. **Termination of the Settlement**: If the Settlement is terminated as provided in Section 15 of the Agreement, or the Effective Date otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, Settlement Class Members, and the Defendants, and the Plaintiffs, Defendants, and Settlement Class Members shall revert to their respective pre-Settlement positions in the Action and in any actions previously pending in any federal or state court in which Settlement Class Members dismissed claims in order to participate in one or more Settlement Classes. In such event, the Parties shall be free to raise all claims, defenses, and arguments that they could have raised had they never negotiated, agreed to, or sought approval of the Settlement.

22. **Entry of Final Judgment**: The Court finds that there is no just reason for delay in the entry of final judgment and the Clerk of Court is expressly directed to enter final judgment in

the Action in its entirety for all claims and cross-claims brought by and against Plaintiffs, Settlement Class Members, and/or Defendants pursuant to Fed. R. Civ. P. 54(b).

**SO ORDERED.**

This \_\_23\_\_ day of \_\_May\_\_\_\_\_, 2023

/S/ Frederic Block
_____
Hon. Frederic Block
United States District Judge

11